## WILLIAM ULIT v. JOHN H. BIGGS, JR.

### Decided February 3, 1909.

**1.—Negligence—Stock Unlawfully at Large.**

The proprietor of a wagon was liable for the negligence of his servant driving it in running against and injuring a horse seen by the driver at large in a city, though the animal was permitted by plaintiff to be so at large in violation of the ordinances of the city.

**2.—Damages—Injury to Animal—Expenses.**

The owner of an animal dying as the result of injuries by defendant's negligence may recover, in addition to its value, expenses of caring for and treating such injuries, if incurred in good faith and with reasonable expectation of cure.

Appeal from the County Court of Travis County. Tried below before Hon. Jno. W. Hornsby.

*James M. Hart,* for appellant.—The act of the plaintiff in permitting his horse to be at large in violation of the city ordinance constitutes contributory negligence as a matter of law, and plaintiff can not recover herein. Mills v. Railway, 57 S. W., 291; Mills v. Railway, 94 Texas, 247-48.

It being admitted that at the time of the injury to plaintiff's horse there was a valid ordinance in force in Austin prohibiting horses from running at large on the streets of said city, and that at the time of its injury said horse was so unlawfully at large on the public streets in violation of said ordinance, the defendant would be liable for injuries to said horse only in the event such injuries were caused by acts amounting to gross negligence on the part of defendant, and the court erred in failing to so instruct the jury when requested so to do by defendant. Railway v. Cocke, 64 Texas, 156-57; Railway v. Russell, 43 S. W., 576; Railway v. Nichols, 39 S. W., 954.

Plaintiff having sued for the reasonable market value of his horse at the date of his injury, he should not be allowed to recover both the market value at such date and also for time spent by plaintiff in attending to the horse between the date of injury and the date of death.

*W. B. Holliday* and *A. S. Phelps,* for appellee.

FISHER, CHIEF JUSTICE.—This is a suit by appellee against the appellant Ulit to recover damages for the value of a horse and a certain amount expended in an effort to relieve the horse and cure him of the injuries which he had sustained. Verdict and judgment were in appellee's favor for $110.

It is a fact admitted that the horse was injured when running at large upon one of the public streets of the city of Austin, and in a part of the city where stock was prohibited from running at large by virtue of an ordinance of the city. The evidence that sustains the verdict is substantially to the effect that a driver of one of appellant's delivery wagons negligently and carelessly drove his team against the horse, which was at that time loose upon the streets, and the shaft of the wagon penetrated the horse's flank and inflicted a wound from which he died in a few days. There is evidence which shows that the driver of appellant's wagon saw the horse and knew of his proximity before he drove the wagon against him. And, in this connection, without detailing the evidence, it is sufficient to say that the appellant's servant was guilty of negligence in running against the horse, and he failed to exercise ordinary care to prevent striking him. The trial court in its charge to the jury, in effect, instructed them that the defendant would be liable in the event his driver was guilty of negligence, or failed to exercise ordinary care to prevent striking the horse. This view is combated by the appellant, who contends that as there was an ordinance prohibiting stock from running at large at the place where the animal was injured, the defendant could only be held liable in the event the driver was guilty of gross negligence.

We desire to say that this is not an instance in which the injured stock was not discovered, and that the party inflicting the injury acted upon the assumption that the ordinance was not violated in that there was no loose stock with which he was likely to collide, but as a fact the evidence is clear that the driver saw this animal sometime before he was struck, and continued to see him up to the time that he was injured, and that he by his negligence or want of proper care in managing his own team ran into and injured the animal; and we think that under the circumstances the rule of ordinary care and negligence would apply. Missouri, K. & T. Ry. Co. v. Tolbert, 100 Texas, 483.

The only other question that we desire to consider arises under the fifth assignment. The court overruled appellant's special demurrer to plaintiff's petition wherein he claimed an item of $15 for loss of time in caring for and tending to the horse from the time he was injured up to the time he died. The reasonable expenses incurred in good faith, with the hope and expectation of benefiting the horse or curing him is a proper item of damages to be charged against the party who wrongfully or negligently inflicts the injury, although the owner may ultimately recover the value of the horse from the wrongdoer. (Ellis v. Hilton, 78 Mich., 150; Gulf, C. & S. F. Ry. Co. v. Keith, 74 Texas, 289.) These cases hold that the plaintiff may recover such sum as expenses paid greater than the value of the property, if they were incurred in good faith. A decision to the contrary is Keys v. Minneapolis & St. L. Ry. Co., 36 Minn., 294. This case, in effect, holds that the reasonable expenses may be recovered, but can not exceed the value of the property. We prefer to follow the rule outlined in the first cases cited. In the case of Hughes v. City of Austin, 12 Texas Civ. App., 178, and Moore v. King, 4 Texas Civ. App., 397, this court held substantially to the same effect.

We find no error in the record and the judgment is affirmed.

*Affirmed.*