## POWELL v. HILL.

(Court of Civil Appeals of Texas. San Antonio. Jan. 15, 1913.)

1. DAMAGES (§ 113*)—INJURIES TO HORSE—VALUE OF USE.

In an action for injuries to a horse where the horse was necessary in the conduct of plaintiff's business, the value of the use of the horse during the time he was injured was a proper element of damage.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 279, 280; Dec. Dig. § 113.*]

2. DAMAGES (§ 174*)—INJURIES TO HORSE—EVIDENCE.

In an action for injuries to a horse, testimony of plaintiff that the services of the horse would have been worth to him during the time the horse was unfit for use a stated amount was competent where he stated that he paid the same amount as hire for another horse.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 462–467; Dec. Dig. § 174.*]

3. DAMAGES (§ 44*) — INJURIES TO HORSE — EXPENSES.

Expenses for doctoring, medicines, and caring for a horse injured in an effort to minimize damage done is a proper element of damage.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 90, 91; Dec. Dig. § 44.*]

4. APPEAL AND ERROR (§ 750*)—ASSIGNMENTS OF ERROR—SCOPE.

Where evidence is competent, an assignment assailing its competency cannot raise the question of its sufficiency to prove the issue.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3074–3083; Dec. Dig. § 750.*]

5. DAMAGES (§ 44*)—INJURIES TO HORSE—EXPENSES OF FEEDING.

Expenses incurred in feeding a horse during the time it was recovering from an injury is recoverable, where, in addition to paying for the use of another horse, plaintiff was also required to feed it.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 90, 91; Dec. Dig. § 44.*]

6. DAMAGES (§ 177*)—INJURIES TO HORSE—EVIDENCE.

In an action for injuries to a horse in which it was shown that plaintiff had to use another horse, testimony of plaintiff as to the amount he paid for feed for the injured horse during the time he had to hire and feed another was admissible.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 466, 494; Dec. Dig. § 177.*]

7. BAILMENT (§ 31*) — BLACKSMITHS—INJURIES TO HORSE.

Where a horse is placed in the hands of a blacksmith to be shod and is returned to the owner with his foot injured, and the blacksmith makes no explanation other than that he dropped the horse's foot on a drawing knife, such evidence will support a finding of negligence.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 124–131; Dec. Dig. § 31.*]

8. APPEAL AND ERROR (§ 1033*)—FAVORABLE ERROR.

A party cannot complain of an instruction favorable to him.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4052–4062; Dec. Dig. § 1033.*]

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Appeal from Matagorda County Court; W. S. Holman, Judge.

Action by R. J. Hill against J. W. Powell. From a judgment for plaintiff, defendant appeals. Affirmed.

See, also, 152 S. W. 181.

Gaines & Corbett, of Bay City, for appellant.

MOURSUND, J. This case was appealed from justice court, precinct No. 7, Matagorda county, to the county court of said county. By petition filed in the county court, Hill, a merchant, sought to recover of Powell, who was a blacksmith, certain items of damages, alleging that he took his horse, which he used every day to draw his delivery wagon, and which was worth $150, to defendant for the purpose of having him shod; that, while the horse was in defendant's possession, the defendant failed to take proper care of said horse, and negligently permitted him to become permanently injured to plaintiff's damage $75; that plaintiff was deprived of the use of the horse for 65 days, to his damage in the sum of $22.75; that he was compelled to feed said horse during said time, to his damage in the sum of $13; that he was compelled to buy medicines and doctor and care for said horse for the period of 65 days, to his damage in the sum of $65. Defendant filed general demurrer, special exceptions, and answer, alleging that, if plaintiff's horse was injured in shoeing, it was by reason of the vicious character of the horse, and not on account of any negligence on the part of defendant. Verdict was returned in favor of plaintiff for $120.75, and judgment entered accordingly, from which defendant appealed.

[1] Assignment of error No. 1 reads as follows: "The court erred in overruling the defendant's first special exception to plaintiff's original petition, reading as follows: 'Defendant specially excepts to that clause in the said petition in which the plaintiff alleges the loss of the use and benefit of said horse for the period of 65 days, and says that the same is too remote and speculative, and is not a proper item of damage, and he therefore prays that the said item be stricken out.'" This assignment is overruled. It having been alleged that the horse was necessary to be used in the conduct of plaintiff's business, the value of the use of the horse during the time he was injured was a proper element of damages. Moore, McKinney & Co. v. King, 4 Tex. Civ. App. 397, 23 S. W. 484; Railey v. Hopkins, 50 Tex. Civ. App. 600, 110 S. W. 779. The amount sued for was alleged to be the fair and reasonable value of the services of said horse during said time.

[2] Assignment No. 2 complains of the testimony of plaintiff in regard to the use of the horse in his business, and the value of the services or use thereof. One of the objections made to the testimony was that it was not competent testimony to show the reasonable hire of the horse for a period of 65 days. The testimony as to value of the use of the horse was as follows: "The services of the horse would have been worth to me during the said 65 days he was unfit for service the sum of $22.75, and I was compelled to pay $22.75 for the use of a horse for the 65 days, and feed him in place of my horse which was injured." We are of the opinion that this evidence was competent for the purpose for which it was offered and overrule the assignment.

[3] Assignment No. 3 is overruled. Expense for doctoring, medicines, and caring for a horse in an effort to minimize damage done is not an improper element of damage. Ulit v. Biggs, 53 Tex. Civ. App. 529, 116 S. W. 126; Railway v. Keith, 74 Tex. 287, 11 S. W. 1117; Railway v. Chambliss, 54 S. W. 401. This assignment does not raise the issue of the sufficiency of the allegations of the petition in regard to necessity for, and reasonableness of, the item complained of.

[4] Assignment No. 4 is also overruled. The evidence was competent, and its sufficiency to prove the issue cannot be attacked under an assignment complaining of its admission.

[5] The fifth assignment is overruled. Expense incurred in feeding the horse during the time it was recovering from its injury is recoverable where it is alleged that, in addition to paying for the use of another horse the amount claimed as the value of the use of the injured horse, such other horse was required to be fed by plaintiff.

[6] The sixth assignment complains of the admission of the testimony of plaintiff in regard to amount he paid out for feed for the injured horse during the time he had to hire and feed another horse. This testimony was admissible, and the assignment is overruled.

[7] The seventh assignment complains of the overruling of the motion to instruct a verdict for defendant. The ninth assignment raises the issue of the sufficiency of the evidence to show negligence. Both assignments are overruled. Where a horse is placed in the hands of a blacksmith to be shod, and is returned to the owner with his foot injured, and the blacksmith makes no explanation other than that he dropped the horse's foot on a drawing knife, such evidence will support a finding of negligence.

[8] The eighth assignment is overruled. The charge is substantially correct on the matters complained of and upon the whole was very favorable to defendant, even instructing that, if the jury believed the injury was caused by the fractious and mean disposition of the horse, to find for defendant, although there was no evidence on such issue, and, besides, the charge assumed the horse to be of such disposition. Should we have sustained any of appellant's contentions in regard to the charge, they are of

such character that we would feel constrained, under rule 62a (149 S. W. x) for the government of Courts of Civil Appeals, to affirm the judgment.

We conclude that there is no error shown by appellant's brief which requires a reversal of this case, and the same is affirmed.