CHICAGO, R. I. & G. RY. CO. v. CLARK.
(No. 7893.)

(Court of Civil Appeals of Texas. Ft. Worth. March 14, 1914. Rehearing Denied April 18, 1914.)

1. APPEAL AND ERROR (§ 1040*)—HARMLESS ERROR—ERRONEOUS RULINGS ON PLEADINGS.

Where plaintiff, suing a railroad company for injuries to animals frightened by a train, testified that the accident happened on a designated date and on the road alleged in the petition, and the company procured the testimony of its engineers running trains on that date, who all testified that they knew nothing of the accident, the error in overruling exceptions to the petition for failure to specify the date of the injury or identify the train and place of injury was not prejudicial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4089–4105; Dec. Dig. § 1040.*]

2. DAMAGES (§ 113*)—INJURIES TO ANIMALS—MEASURE OF DAMAGES.

Where animals negligently injured have a market value after the injury, the measure of damages is the difference between their value immediately before and immediately after the injury.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 279, 280; Dec. Dig. § 113.*]

3. DAMAGES (§ 113*)—INJURIES TO ANIMALS—MEASURE OF DAMAGES.

Where one suing for injuries to animals showed that the animals died soon after the accident, and testified that he thought that at the time of the injury they had some value, the amount of which he would not estimate, he was entitled to recover the full market value of the animals before the injury.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 279, 280; Dec. Dig. § 113.*]

4. DAMAGES (§ 116*)—INJURIES TO ANIMALS—MEASURE OF DAMAGES.

One negligently injuring animals, resulting in their death soon afterwards, is properly charged with the cost of hay and medicine used by the owner in a good-faith effort to prevent their death.

[Ed. Note.—For other cases, see Damages, Dec. Dig. § 116.*]

Appeal from Montague County Court; Levy Walker, Judge.

Action by F. M. Clark against the Chicago, Rock Island & Gulf Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

John Speer, of Bowie, and Lassiter, Harrison & Rowland, of Ft. Worth, for appellant. H. F. Weldon, of Bowie, for appellee.

DUNKLIN, J. F. M. Clark recovered a judgment against the Chicago, Rock Island & Gulf Railway Company for damages on account of injuries to two mules, from which judgment the defendant has appealed.

In his petition the plaintiff alleged that on or about November 12, 1912, while he was driving the mules, together with other animals, along a public road adjacent to the defendant's right of way, and while one of the defendant's trains was passing him, the operatives of the engine negligently frightened the mules by blowing the locomotive whistle, which caused the mules to run and injure themselves upon a barbed wire fence. The evidence showed without controversy that the mules were injured as alleged, and that as result of those injuries they died, and no complaint is made of the insufficiency of the evidence to support the charge of negligence on the part of the operatives of the locomotive.

[1] Error has been assigned to the action of the trial court in overruling a special exception addressed to the petition on the ground that neither the exact date of the injury, nor any identification of the train, nor the exact place of the injury, was alleged. Plaintiff testified without controversy that the accident happened on November 12, 1912, and further that it occurred on the road alleged in his petition, which was about eight miles north of the town of Stoneburg and four miles south of the town of Ringgold. In the argument presented by appellant following the assignment now under discussion, it is stated that appellant "procured the testimony of its engineers covering November 12th," and the statement of facts contains the testimony of several of its employés who operated a train upon that date and who testified that they knew nothing of the accident of which plaintiff complained. The assignment is predicated chiefly upon the erroneous supposition, the error of which was

later admitted in appellant's supplemental brief, that the accident occurred on November 11th. If, as stated in appellant's brief, it procured the testimony of its engineers operating trains on November 12th, we fail to perceive how the error, if any, in overruling the exception resulted in any harm to the company, for the only purpose of the pleading would be to enable the defendant to meet with proof the issue presented in plaintiff's petition. Rule 62a, 149 S. W. x.

[2, 3] In the court's charge the jury were instructed that in the event of a verdict for plaintiff the measure of his damages would be the reasonable market value of the mules at the time of their injury plus the reasonable market value of necessary hay and medicine used in the care of said mules after their injury. Error has been assigned to this charge upon the ground that there was testimony showing that the mules had a market value immediately after their injury, and that the true measure of damages was the difference between that value and their market value at the same time and place in an uninjured condition. It cannot be questioned that, if the animals had a market value after their injury, a correct measure of plaintiff's damages would have been the difference between their value immediately before and immediately after the injury, as announced in G., C. & S. F. Ry. Co. v. Stanley, 89 Tex. 42, 33 S. W. 109, cited by appellant. While the plaintiff did testify that at the time of the injury he thought the animals had some value, the amount of which he would not undertake to estimate, yet it is quite apparent that he was mistaken in this, for the evidence shows without controversy that they were very badly injured and that on account of those injuries they soon thereafterwards died. Neither he nor any other witness testified upon the trial that the mules had any market value immediately after the injury, and the testimony of the plaintiff was to the effect only that at the time of the accident he then thought they had some value.

[4] It thus appears that plaintiff was entitled to recover the full market value of his animals before their injuries, and appellant cannot complain of being charged also with the cost of hay and medicine used by the plaintiff in a good-faith effort to avert their entire loss. Ulit v. Biggs, 53 Tex. Civ. App. 529, 116 S. W. 126; T. & P. Ry. Co. v. Webb (Tex. Civ. App.) 114 S. W. 1170.

The judgment is affirmed.