### TEXARKANA & FT. S. RY CO. v. WILSON. (No. 381.)

(Court of Civil Appeals of Texas. Beaumont. June 14, 1918.)

1. EVIDENCE ⬤⟶142(1)—VALUE OF ANIMAL—COST OF OTHER ANIMALS.

In action against a railroad for injury to a mare, it was error to admit testimony offered by plaintiff to give a basis for arriving at the market value of his mare that the witness had paid for certain horses that he owned as much as $125; it not being shown that the animals owned by such witness were of the same kind or character as that of plaintiff, nor when or where the witness purchased his animals.

2. APPEAL AND ERROR ⬤⟶1050(1)—HARMLESS ERROR—EVIDENCE.

The rule that the introduction of incompetent evidence is harmless where sufficient legal evidence is introduced to sustain the verdict applies only where the trial is before the court, it being presumed that only competent evidence is considered by the court, but no such presumption being indulged in where improper testimony on a material issue is admitted in a case tried before a jury.

3. DAMAGES ⬤⟶105—KILLING STOCK—MEASURE.

The measure of damages recoverable against a railroad for injuring an animal is the difference between the market value at the time of injury in the vicinity, if there is such a value, or, if not, the market value in the nearest vicinity, and such value immediately after injury.

Appeal from Orange County Court; D. C. Bland, Judge.

Action by C. W. Wilson against the Texarkana & Ft. Smith Railway Company. From judgment for plaintiff, defendant appeals. Reversed and remanded.

Orgain, Butler & Bolinger, of Beaumont, for appellant. O. R. Sholars, of Orange, for appellee.

HIGHTOWER, C. J. This suit was commenced in one of the justice's courts of Orange county by the appellee, C. W. Wilson, against the appellant, Texarkana & Ft. Smith Railway Company, for the recovery of damages. It was claimed by the appellee that the appellant railway company had negligently struck and injured a mare, the property of appellee, and that on account of such injury the mare was rendered valueless, and damages were prayed in the sum of $125. Judgment by default was had against appellant in the justice's court, and appellant appealed the case to the county court of Orange county, and upon trial de novo in that court judgment was again rendered in favor of appellee for the sum of $125, from which last judgment appellant has brought the case to this court for review.

[1] Without discussing them, we overrule all assignments of error made by appellant down to the sixth, and that assignment we are compelled to sustain. This assignment, in effect, complains of the action of the trial court in admitting in evidence, over the objection of the railway company, certain evidence relative to the issue of market value of the animal in question. The witness whose evidence in this connection was admitted was Oll Stephenson, and he was permitted, over the objection of appellant, to testify, substantially, that he paid for certain horses that he owned as much as $125, and the purpose of the plaintiff in offering this evidence was to give the jury a comparison or basis for arriving at the market value of the animal of the plaintiff alleged to have been injured. The objection to this testimony was, substantially, that it was not competent or proper to prove the market value of the animal in question in this suit by the price paid for animals owned by the witness Stephenson, because it was not shown that the animals owned by the witness Stephenson were of similar character and kind as the animal in question, nor was it shown when such prices were paid by the witness for the animals; but such objections were

⬤⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

overruled by the trial court, and the witness Stephenson was permitted to state the prices paid by him for such animals as he owned, some of which he still owned at the time of the trial, and, as above stated, he testified that he paid as much as $125 for some of his animals.

After a careful consideration of the record in this case, we have arrived at the conclusion that there is nothing in the record to show that the animals owned by the witness Stephenson were of the same kind or character as the animal of the plaintiff in this case, nor was it shown when the witness Stephenson purchased his animals, or where, and without such showing .clearly such testimony was inadmissible on the issue of market value in this case, and the court was therefore in error in admitting same. . Railway Co. v. Droddy, 114 S. W. 902, and authorities there cited.

The appellee, while not admitting that error was committed as complained of in this assignment, submits the counter proposition that, if the matter there complained of was error, still the same was harmless, because, as stated by the appellee, another witness, O. W. Burton, Jr., testified to the market value of the animal in question, and fixed her market value at $125 at the time of her injury, and that therefore there was sufficient legal evidence upon which to render the verdict in favor of appellee, and this court should not reverse for the error in admitting the evidence of the witness Oll Stephenson.

[2, 3] With reference to this proposition, it will suffice to say that the rule contended for by appellee in this connection is not applicable where the trial is had before a jury, but only so where the trial is before the court, it being presumed that the court, in arriving at his conclusions, would not consider illegal or improper testimony, but such presumptions have never been indulged where the case was tried before a jury, and improper and clearly incompetent and inadmissible testimony on a material issue has been admitted. And, further, we will add that the evidence of the witness O. W. Burton, Jr., if it can be said that it fixes the market value of the appellee's animal at the time it was injured at any amount, still it could not be claimed that the evidence of this witness is conclusive on that point, because it is shown by the record that, while he testified that the market value of the animal in question was between $100 and $125 at the time of its injury, nevertheless he made a written statement prior to the trial to the effect that the market value of such animal was $65 or $70. The burden of proof was upon the plaintiff to establish the market value of the animal in question at the time of its injury in the vicinity thereof, if there was such a value, and, if not, its market value in the nearest vicin-

ity thereto, and then show the difference between the market value just before the injury and immediately thereafter, if there was such value, but if there was no market value, then the actual value before and after the injury and the measure of damages would be the difference in such values.

.Since the case must be reversed, we will briefly mention a complaint made by the seventh assignment of error. It is to the effect that the court erred in submitting special issue No. 6 to the jury, which issue was:

"From the evidence in this case, what do you believe is the damage to the mare of said plaintiff at the time and place she was injured?"

As claimed by appellant, this issue submits an improper, or at least an unintelligible, measure of damages. We think that the proper rule for assessing damages . in this case, in the event plaintiff should be found entitled to recover upon another trial, would be to ascertain the market value of the animal in question at the time and place of the injury, if such animal so injured was rendered useless and of no value, and render judgment in favor of the plaintiff therefor; but, if the animal still had a market value after the injury, then the plaintiff would be entitled to recover the difference in the market value of the animal prior to the injury and the market value after the injury; but, if it should be shown that there was no market value in the vicinity where injured, then the market value in the nearest market would be the criterion by which to measure damages; but, if it should be shown that there was no market value in a neighboring locality, then the measure of recovery would be the actual value of the animal in question.

While it is not mentioned by way of assignment of error, we notice in the charge of the court following the special issues submitted this instruction to the jury:

"Gentlemen of the jury, you are instructed that the proper criterion of assessing damages for injury to stock is the difference of the value of the stock at the time it was injured and at the time of the trial as shown by the evidence."

We merely call attention to this matter in view of another trial. This instruction was erroneous in that portion at least which instructs the jury that the measure of damages would be the difference in value at the time of the injury and at the time of trial. Where the difference in the market value of an animal is sought to be recovered, the measure would be, on the question of market value, the difference in such value immediately before and immediately after the injury, regardless of when the trial might be had.

For the error pointed out in admitting the testimony of the witness Oll Stephenson complained of the judgment of the trial court is reversed, and the cause is remanded for a new trial.