The MORAN CORPORATION, Appellant,

v.

James E. MURRAY, Appellee.

No. 7585.

Court of Civil Appeals of Texas.

Texarkana.

July 7, 1964.

Rehearing Denied Aug. 4, 1964.

Darden, Fowler & Creighton, Conroe, for appellant.

Pitts & Benardino, Conroe, for appellee.

CHADICK, Chief Justice.

This is a suit for damage to landowner occasioned by salt-water from a break in the wall of a salt-water pit on an adjacent oil lease. The judgment of the trial court is reversed and the case is remanded for new trial.

The record discloses without question that salt-water and associated fluid flowed from a break in the embankment of a salt-water pit on the defendant oil company's lease to and upon the plaintiff's land. Damages were awarded to the plaintiff on jury findings that the defendant negligently failed to provide adequate storage for salt-water from its producing oil well, and in trespassing upon the plaintiff's land by allowing salt-water from the break to flow and intrude upon plaintiff's premises.[1]

1. *"Special Issue No. 1.* Do you find from a preponderance of the evidence that the defendant, The Moran Corporation, failed to provide sufficient storage facilities for

The contents of the salt-water pit filled it to within one foot of the top of its earthen banks in the early morning of the day preceding the day the break in the pit wall was discovered. A full stream of fluid from a 2½ inch diameter pipe was observed by different witnesses to be discharging into the pit during the operation before the break and was still flowing until shut off shortly after the break was discovered. The well's operation and production began in the early morning of the day preceding the break and was continuous during this period, though there is no direct evidence the stream of fluid into the pit was continuous for the entire period. Escape of the fluid was from a break that was progressively widening and deepening as the outflow continued. This is circumstantial evidence which will support the jury finding upon at least one, if not both, of the negligence issues the jury found to be the proximate cause of the plaintiff's damage. See

Scurlock Oil Company v. Roberts, Tex.Civ. App., 370 S.W.2d 755.

Having reached the tentative conclusion just expressed, other points of error must be considered. The next point reached is: "Point of Error No. 7. The error of the court in submitting to the jury an issue based upon a trespass theory of action". The appellant oil company, defendant below, objected to the submission of Special Issue No. 7, and in a motion for new trial separately assigned the submission as error because, inter alia, a favorable answer to it would not support a verdict for the plaintiff and that issue constituted a comment on the weight of the evidence. The oil company urges that submission of the issue was harmful when the entire record is considered, and that the judgment should be reversed.

The opinion of the Supreme Court in Turner v. Big Lake Oil Co., 128 Tex. 155, 96 S.W.2d 221, describes facts that are substantially similar to the facts underlying

the salt water and/or brine produced from the said oil well on the occasion in question?

"Answer 'We do' or 'We do not'.

"ANSWER: We do.

"*Special Issue No. 4.* Do you find from a preponderance of the evidence that at the time and on the occasion in question, the defendant, The Moran Corporation, failed to provide a dike around the salt water pit at Krohn #1 well of sufficient strength to contain or hold the salt water and/or brine deposited therein?

"Answer 'We do', or 'We do not'.

"ANSWER: We do.

"*Special Issue No. 7.* Do you find from a preponderance of the evidence that defendant, The Moran Corporation, did, on the occasion in question, commit a trespass upon the premises of Plaintiff?

"In connection with the foregoing Special Issue, you are instructed that every unauthorized entry is a trespass, regardless of the degree of force used. It is immaterial that the entry was made in the course of defendant's operations on adjoining lands.

"You are further instructed that to constitute trespass, entry upon another's

lands need not be in person, but may be made by causing or permitting a thing to cross the boundary of premises.

"Answer 'We do' or 'We do not'.

"ANSWER: We do

"Special Issue No. 10. What sum of money, if any, do you find from a preponderance of the evidence, would fairly and reasonably compensate plaintiff for the damages, if any you have so found, sustained by plaintiff as a result of the occurrence in question?

"In answering the foregoing question, you will take into consideration the following elements and no others:

"(1) The amount necessary to repair the injuries, if any, and place the land in the condition it was in immediately preceding the injury, if any;

"(2) The intrinsic value, if any, of the trees lost, if any;

"(3) The value of the use of the realty during the period of its loss, if any;

"(4) The diminished value, if any, of the livestock of plaintiff as a result of the occurrence in question.

"Answer in dollars and cents.

"ANSWER: $1600.00."

this action. The initial paragraph of the Court's opinion reads:

"The primary question for determination here is whether or not the defendants in error, without negligence on their part, may be held liable in damages for the destruction or injury to property occasioned by the escape of salt water from ponds constructed and used by them in the operation of their oil wells. * * · * "

and thereafter on page 222 of 96 S.W.2d says:

" * * *

"Upon both reason and authority we believe that the conclusion of the Court of Civil Appeals that negligence is a prerequisite to recovery in a case of this character is a correct one. * * * "

The opinion exhaustively discussed the basis of liability in cases of this factual nature, and grounds its decision upon a number of decided cases, including Galveston H. & S. A. Ry. v. Currie, 100 Tex. 136, 96 S.W. 1073, 10 L.R.A.,N.S., 367; Gulf C. & S. F. Ry. v. Oakes, 94 Tex. 155, 58 S.W. 999, 52 L.R.A. 293; Cosden Oil Co. v. Sides, Tex. Civ.App., 35 S.W.2d 815. It would be an endeavor of supererogation for this court to re-examine the question now that the principle has become so firmly established in the law of this State.[2] In this case, the plaintiff, appellee here, may recover for the salt-water damage only upon a finding that negligence was the proximate cause of injury. Special issue No. 7 was immaterial and should not have been submitted.

The burden is on the appellant to show that when the entire record is considered, the submission of special issue No. 7 was harmful. Appeal and Error—Civil, 4 Tex.

Jur. (2) Sec. 954, p. 616. The trespass by intrusion of salt-water and the basis of the two negligent omission issues are separately denominated by reference in other parts of the charge as the 'occurrence in question'. The damage issue (Special Issue No. 10) focuses the jury's attention upon the damages, if any, that resulted from the trespass or the negligent omissions the jury found and interrogates the jury as to damage resulting from the 'occurrence in question'. However, the language of the issue confines the damage the jury might assess to the several classifications set out therein, that is, cost of rehabilitating the land, intrinsic value of trees lost, value of loss of use of the realty and diminished value of the livestock. Under the charge as limited, the jury was not permitted to assess damage arising out of the trespass that was not allowable also as a result of the negligence found; thus the damage figure was not enhanced by the immaterial trespass issue. There is no grounds for supposing the damage issue would have been answered differently had the jury answered either or all the issues in the defendant's favor. Aside from possible harm from undue emphasis of the factor that the defendant violated the plaintiff's rights by allowing salt-water to flow upon the plaintiff's land, the trespass issue in the charge could not have harmed the defendant. But when the record as a whole is considered, it does not satisfactorily appear that submission of the immaterial trespass issue influenced the jury's answers or probably caused the rendition of an improper judgment. Rule 434, Vernon's Ann.Tex.Rules of Civil Procedure.

█ The appellant oil company has also briefed points of error complaining of the trial judge's instructions author-

2. Shepard's Southwestern Reporter Citations lists more than twenty-five cases that have relied upon and reaffirmed the disposition made of the question in the Turner v. Big Lake Oil Company case. The latest cases, beginning in 1958 are Klostermann v. Houston Geophysical Company, Tex.Civ.App., 315 S.W.2d 664, writ refused; Humble Pipeline Co. v. W. C. Anderson, Tex.Civ.App., 339 S.W.2d 259, n. r. e.; Brown v. Lundell, 162 Tex. 84, 344 S.W.2d 863; Burbridge v. Rich Properties, Inc., Tex.Civ.App., 365 S.W. 2d 657, no writ; Scurlock Oil Company v. Roberts, Tex.Civ.App., 370 S.W.2d 755, no writ.

izing the jury to consider the diminished value of livestock and the intrinsic value of shade trees in assessing the plaintiff's damage. At the time of the break in the pit the plaintiff had a milch cow, two calves, one yearling heifer, and twenty head of goats. Thereafter they were sold. The milch cow fell off in milk production to such extent, the plaintiff testified, that he did not want to, but did sell the cow for $100.00; though before the damage to the cow occurred he would not have sold for $250.00. No proof was offered as to the market value of the livestock, individually or collectively, either before or after the occurrence of damage. Testimony was offered from which the jury might have concluded that damage to the plaintiff's land resulted in depreciation of the livestock, but in the absence of the market value of the livestock before and after the damage to it occurred, there was no evidence by which the jury might properly assess damages. Damage by way of diminution in value of livestock is governed by the general principles of damages. Humble Pipe Line Company v. Day, Tex.Civ.App., 172 S.W. 2d 356, writ ref.; Chicago R.I. & G. Ry. v. Clark, Tex.Civ.App., 166 S.W. 129; Texarkana & Ft. S. Ry. v. Wilson, Tex.Civ. App., 204 S.W. 491; Northern Texas Traction Co. v. Stone, Tex.Civ.App., 230 S.W. 754; "Damages", 17 Tex.Juris.2d p. 162, Sec. 90, and authorities there cited; 49 A.L.R.2d 295, Sec. 21. The appellant's point of error must be sustained.

■ Relevant to the shade trees, no evidence was offered as to the value of the damaged premises before and after the salt water damage was incurred. It was shown several shade trees and some other timber was damaged. Under the present pleadings, as a prerequisite to the recovery of the intrinsic value of the shade trees, proof should be offered to show that market value of the land was not changed by their destruction. Smith v. Dye, Tex.Civ.App., 294 S.W.2d 452 at 464–465, no writ; Lucas v. Morrison, Tex.Civ.App., 286 S.W.2d 190, at 191, no writ. As a general rule the measure of damages recoverable is the difference between the fair market value immediately before the damage is inflicted and the fair market value immediately afterwards. When for reasons, properly known or made known to the court by pleading or proof, the general rule formula will not afford actual compensation, then a different measure of damages may be used that permits fair and just recovery. The burden is on the plaintiff to sustain the use of an alternate formula, in this instance by showing that destruction of the trees did not have a significant effect upon the market value of the land before offering proof supporting another measure. The appellant's point of error will be sustained. See Damages, 17 Tex. Jur. (2), p. 154, Sec. 81 and 82.

■ Instructions to the jury permitting it, in the absence of proof of damage, to assess damages for the diminished value of the livestock and the intrinsic value of shade trees was improper, and such allowance as the jury made therefor can not be segregated from the total damage assessed. Since other categories of damage set out in the issue appear to be supported by some evidence, in the interest of justice, the case will be reversed and remanded for new trial.

On the supposition that another trial will follow, an observation is in order, that unless the pleadings and proof are materially different, no issue submitting or concerned with exemplary damage should be given.

The judgment of the trial court is reversed and the case remanded for new trial.