**W. T. GRANT COMPANY, Petitioner,**

v.

**Yale E. KEY, Respondent.**

No. B–1053.

Supreme Court of Texas.

Oct. 23, 1968.

Rehearing Denied Nov. 25, 1968.

Turpin, Smith, Dyer, Hardie & Harman, Lawrence L. Fuller and Max N. Osborn, Midland, for petitioner.

Stubbeman, McRae, Sealy & Laughlin, Midland, for respondent.

PER CURIAM.

Yale E. Key, landlord under a certain lease agreement, appealed from a trial court judgment awarding the tenant W. T. Grant recovery for the cost of work the tenant claimed to be due it under the lease. The Court of Civil Appeals held the jury answers to be in fatal conflict and reversed and remanded the case to the trial court. 430 S.W.2d 522. We reverse and remand the case to the Court of Civil Appeals. Rule 483, Texas Rules of Civil Procedure.

As appellant below, respondent's first point of error in the Court of Civil Appeals read as follows:

"The District Court erred in overruling and denying appellant's motion to disregard the answers to certain special issues returned by the jury and in failing to render judgment for appellant on appellee's cross-action, or in the alternative, failing to declare a mistrial, because of fatal conflict in the answers of the jury to the special issues * * *"

Respondent's point of error referred to paragraph 21 of its amended motion for new trial. That paragraph read as follows:

"The Court erred in overruling and not sustaining Cross-Defendant's motion to disregard certain answers of the jury to the special issues, for each and all of the grounds and reasons set out in said motion, to which reference is hereby made for all purposes."

The relevant portion of respondent's motion to disregard certain jury findings and render judgment is paragraphs 12 through 16. Each paragraph asked the trial court to disregard the answer to a particular special issue because that answer was in conflict with other answers to other special issues.

We hold that it was error for the Court of Civil Appeals to sustain respondent-appellant's first point. Key's assignment of error in the amended motion for new trial was too general to support his

complaint in the Court of Civil Appeals that the trial court erred in failing to declare a mistrial. Furthermore, both the assignment and a portion of the point of error are directed at the action of the trial court in overruling respondent's motion to disregard the jury findings. It would not have been proper, however, for the trial court to have granted the motion because a motion to disregard the jury's findings may not be granted because of fatal conflict in the jury's answers.

The lower court's opinion sustaining point of error number one is in conflict with Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887 (1960), and Garza v. Alviar, 395 S.W.2d 821 (Tex.1965). Under the provisions of Rule 483, T.R.C.P., we reverse the judgment of the Court of Civil Appeals and remand the case to that court so that it may consider points of error not previously passed upon.

REAVLEY, J., not sitting.