**Yale E. KEY, Appellant,**

**v.**

**W. T. GRANT COMPANY, Appellee.**

**No. 5943.**

Court of Civil Appeals of Texas.

El Paso.

March 26, 1969.

Rehearing Denied April 23, 1969.

Stubbeman, McRae, Sealy & Laughlin, F. H. Pannill, for appellant.

Turpin, Smith, Dyer, Hardie & Harman, Max N. Osborn, Lawrence L. Fuller, Midland, for appellee.

PRESLAR, Justice.

This is a suit between a landlord and tenant for cancellation of the lease agreement by the landlord, and cross-action by the tenant to recover expenditures for repairs alleged to be due under the agreement. The case was submitted to a jury on special issues and upon return of the answers to the special issues, the trial court entered judgment for the tenant-appellee on its cross-action in the total sum of $11,110.65. The

cause was appealed to this court on three assignments of error and this court sustained the first point of error and reversed and remanded the case to the trial court. 430 S.W.2d 522. The Supreme Court, 433 S.W.2d 163, held this court to be in error and remanded the case to us for consideration of the points of error not previously passed upon.

■ Following remand to this court, appellant filed "Appellant's Motion for Order on Filing of Briefs", contending that the ruling of the Supreme Court was a general remand and, as such, did not limit this court to a consideration of the points of error remaining from the original submission. Appellant then filed "Appellant's Brief Following Remand", in which some fifteen points of error are assigned to the actions of the trial court. There is no provision in the Rules of Civil Procedure for the assignments of new points of error following remand to a court of civil appeals, but we have devoted much study to the situation here presented to be sure that justice is not subverted to the technicalities of procedure. We have concluded that appellant is not here entitled to new assignments of error. To do so would be to grant a complete new trial at the appellate level, to give him another "bite at the apple" by his own choice, as distinguished from the situation where the court errs and thus entitles a party to a new trial. No error was committed by this court which calls for the new assignments of error arising in the trial court. Appellant appealed on three points of error assigned to the action of the trial court; this court was of the opinion that the first point of error was good, and reversed; so there was no necessity to pass on the remaining two points of error. The Supreme Court reversed our decision as to the first point and remanded the cause, saying: "* * * we reverse the judgment of the Court of Civil Appeals and remand the case to that court so that it may consider points of error not previously passed upon." If we be wrong in our conclusion,

we are of the further opinion that this language controls our disposition of the case.

■ Turning now to the remaining two points of error, we have concluded that appellant's point of error number two should be overruled, and that appellee's filing of a remittitur removes the third point from our consideration.

Appellant's Point Two reads:

"THE TRIAL COURT ERRED IN RENDERING JUDGMENT AGAINST THE APPELLANT FOR THE $468.58 ALLOCATED TO BASEMENT REPAIRS BY THE ANSWER TO SPECIAL ISSUES NO. 40 and 42 BECAUSE APPELLEE'S WITNESSES ADMITTED ON CROSS-EXAMINATION THAT THE BASEMENT WORK WAS A NON-STRUCTURAL INTERIOR REPAIR WHICH UNDER THE TERMS OF PARAGRAPH 10 WAS THE RESPONSIBILITY OF APPELLEE."

We have concluded that the point of error is waived by not having been properly assigned as error in appellant's amended motion for new trial. Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887 (1960). Rule 374, Texas Rules of Civil Procedure, provides:

"The motion for new trial, when required to be filed under these rules, shall constitute the assignments of error on appeal or writ of error. A ground of error not distinctly set forth in the motion for new trial, in cases where a motion for new trial is required shall be considered as waived."

The matter of non-structural repairs to the basement in connection with these issues was not presented to the trial court for consideration as error in the amended motion for new trial. Issue No. 40 read: "Do you find from a preponderance of the evidence that the W. T. Grant Company made repairs and replacements to the basement at the store in question?" Appellant does not point out which assignment of error this

Point Two is germane to, and a reading of his amended motion for new trial reveals one such assignment of error that refers to Issue No. 40, but it makes no mention of non-structural repairs to the basement. Issue No. 42 is the amount to be found, and is conditioned on the answer to No. 40. Appellant's Point of Error number Two is overruled.

■ Appellant's Point Three assigns error as to issues which were the basis of an award of $1,622.56 for architectural fees. Appellee seeks to remit such amount, and and prays that the judgment of the trial court be revised by reducing it in that amount. We are of the opinion that the remittitur is proper under the provisions of Rule 439, T.R.C.P., and the judgment of the trial court is revised by subtracting from the total thereof the sum of $1,622.56.

As here revised, the judgment of the trial court is affirmed.