**Donnie BULANEK, Jacko Garrett, and Nancy Garrett, Petitioners,**

v.

**WESTTEX 66 PIPELINE COMPANY, Respondent.**

No. 04–0011.

Supreme Court of Texas.

Dec. 1, 2006.

William D. Noel, Houston, Richard L. McElya, Angleton, for petitioner.

Frederick D. Junkin, J. Mark Breeding, Paul S. Radich, Andrews & Kurth L.L.P., Houston, Joseph Patterson, Patterson & Edquist, Angleton, for respondent.

PER CURIAM.

In *Exxon Pipeline Co. v. Zwahr*, 88 S.W.3d 623, 630–31 (Tex.2002), we reversed a condemnation award, holding that the testimony of the landowners' expert, Brad Kangieser, was irrelevant and inadmissible because he "relied on [the] condemnation in establishing a separate economic unit and in assigning a value to that unit," and "failed to apply the before-and-after valuation method, which would have required him to evaluate the [easement] as a proportionate part of the entire [tract]." Following *Zwahr*, the court of appeals reversed the condemnation award in this case, which was partly based on similar valuation testimony by the same expert, Kangieser, and rendered judgment based on the valuation evidence offered by the condemnor. —— S.W.3d ——, 2003 WL 23002702 (Tex.App.-Houston [1st Dist.] 2003) (mem. op.). We agree with the court of appeals that reversal was required, but we remand the case to the trial court for further proceedings.

Petitioners, Donnie Bulanek, Jacko Garrett, and Nancy Garrett, argue that this case is factually distinguishable from *Zwahr*. There, Exxon Pipeline Co. condemned a 50–foot–wide strip across the Zwahrs' 49–acre cotton farm for a pipeline easement. *Zwahr*, 88 S.W.3d at 625–26. The 1.01–acre strip paralleled an existing pipeline easement for much of its route, and 82% of the strip overlapped the existing easement. *Id.* at 626.

The primary controversy concerned the highest and best use of the condemned property. The Zwahrs' expert, Brad Kangieser, maintained that the 1.01–acre easement was a self-contained, separate economic unit, which had a value independent from that of the surface acreage, with a highest and best use as a pipeline easement. Exxon presented two experts who testified that the land's highest and best use was as farmland or rural-residential land and that the 1.01–acre easement was not a separate economic unit.

*Id.* In the present case, respondent WesT-Tex 66 Pipeline Co. condemned a 50–foot–wide strip across a 227–acre portion of petitioners' 414–acre tract of undeveloped land for a pipeline easement. The 3.915–acre strip paralleled or largely overlapped seven existing pipeline easements. Petitioners' experts, Brad Kangieser and Tom Edmonds, testified that the easement

> had a highest and best use as a pipeline easement. Implicit in the experts' testimony is that each expert considered the 3.915 acres to be a separate economic unit.
>
> In addition, Kangieser and Edmonds each testified that he had not used the before-and-after valuation method in appraising the property acquired by WesTTex. Both experts appraised the 3.915–acre easement without reference to the parent tract. . . .

—— S.W.3d at ——, 2003 WL 23002702, at *3 (footnote omitted).

Petitioners argue that WesTTex's easement, unlike Exxon's easement in *Zwahr*, was part of a pipeline corridor that comprised a separate economic unit distinct from the surrounding tract prior to WesTTex's condemnation. But even if a pipeline corridor could be a separate economic unit without improvements or characteristics setting it apart from surrounding property, petitioners' experts' testimony was no evidence of such a unit in this case.

▉ The only other evidence cited to us was offered by WesTTex. The court of appeals treated it as conclusive and rendered judgment. —— S.W.3d at ——, 2003 WL 23002702, at *6. Petitioners argue that the case should be remanded for a new trial in the interest of justice in part because they presented their case in reliance on the court of appeals' opinion in *Zwahr* and would have proceeded differently had they had the benefit of our decision in that case. WesTTex argues that petitioners could have awaited this Court's decision in *Zwahr* but chose instead to proceed to judgment. In the circumstances presented, we agree with petitioners. "The most compelling case for such a remand is where we overrule existing precedents on which the losing party relied at trial." *Westgate, Ltd. v. State*, 843 S.W.2d 448, 455 (Tex.1992) (quoted in *Kerr–McGee Corp. v. Helton*, 133 S.W.3d 245, 258 (Tex.2004)).

Accordingly, we grant the petition for review and without hearing oral argument, Tex. R. App. P. 59.1, modify the judgment of the court of appeals to remand the case to the trial court for further proceedings. In all other respects the court of appeals' judgment is affirmed.