ACCEPTED
12-11-00303-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
3/27/2015 3:18:41 PM
CATHY LUSK
CLERK

## No. 12-11-00303-CV

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS

3/27/2015 3:18:41 PM

CATHY S. LUSK
Clerk

In the

Twelfth Court of Appeals

**Enbridge Pipelines (East Texas) L.P.**
*Appellant,*

**v.**

**Gilbert Wheeler, Inc.,**

*Appellee.*

**Supplemental Brief on Remand of Appellee Gilbert Wheeler, Inc.**

Don Wheeler
State Bar No. 21256200
**WHEELER LAW OFFICE**
101 Tenaha Street
Center, Texas 75935
Telephone No.: (936) 598-2925
Facsimile No.: (936) 598-7024
**velawson@sbcglobal.net**

Darrin Walker
State Bar No. 00788600
**LAW OFFICE OF DARRIN WALKER**
2054 Parkdale Dr.
Kingwood, Texas 77339
Telephone No.: (281) 358-2295
Facsimile No.: (281) 358-5602
**darrinwalker@suddenlink.net**

J. Mark Mann
State Bar No. 12926150
**THE MANN FIRM**
300 West Main Street
Henderson, Texas 75652
Telephone No.: (903) 657-8540
Facsimile No.: (903) 657-6003
**mark@themannfirm.com**

**TABLE OF CONTENTS**

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.     THE REMAINING ISSUES.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

     A.     Issue No. 1 — The Economic Loss Rule... . . . . . . . . . . . . . . . . . . . 1

     B.     Issue No. 2 — The Economic Loss Rule *Redux*.. . . . . . . . . . . . . . . 3

     C.     Issue No. 3 — Cost of Repair Damages.. . . . . . . . . . . . . . . . . . . . 3

     D.     Issue No. 4 — Request for Rendition of Judgment for $3,000... . . . . 4

     E.     Issue No. 5 — Admission of the Wheelers' Real Estate
          Expert's Testimony.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

     F.     Issue No. 6 — Admission of Expert Testimony on the Cost
          to Restore the Mountain... . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

          1.     *Smelser's testimony about the cost of restoring the*
                *stream*.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

                a.     Smelser's testimony was admissible.. . . . . . . . . . . . . 6

                b.     Any error in admitting Smelser's testimony was
                    harmless.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

          2.     *David's testimony about the cost of replacing the trees.* .. . . . 8

                a.     David's testimony was admissible. .. . . . . . . . . . . . . 8

b.     Any error in admitting David's testimony was harmless.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

G.     Issue No. 7 — Exclusion of Enbridge's Experts' Testimony.. . . . . . . 11

H.     Issue No. 8 — Failure to Submit a Jury Question on Whether the Injury was Permanent or Temporary.. . . . . . . . . . . . . 11

I.     Issue No. 9 — Absence of Admissible Evidence of No Diminution in Fair Market Value.. . . . . . . . . . . . . . . . . . . . . . . . . 12

J.     Issue No. 10 — Timber Value of the Trees.. . . . . . . . . . . . . . . . . . . 12

K.     Issue 11 — Refusal to Submit Enbridge's Requested Jury Questions.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

II.    ENBRIDGE'S IMPROPER "SUPPLEMENTAL ISSUES PRESENTED IN LIGHT OF THE SUPREME COURT'S DECISION.". . . . . . . . . . . . . . . . . . . . . . . 14

A.     This Court may only consider issues (i) raised in Enbridge's Appellant's Brief and (ii) that the supreme court has directed this Court to consider.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

1.     *This Court can only consider grounds for reversal that were asserted in Enbridge's Appellant's Brief..* . . . . . . . . 15

2.     *Boyce Iron Works does not permit Enbridge to raise new grounds for reversal in its Supplemental Brief on Remand..* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

3.     *This scope of this Court's review upon remand is circumscribed by the supreme court's mandate, which limited such review to the Issues raised in Enbridge's Appellant's Brief..* . . . . . . . . . . . . . . . . . . . . . . 16

B.     Enbridge raised no Issue in its Appellant's Brief regarding the sufficiency of the evidence of the trees' intrinsic value.. . . . . . . 18

C.      Enbridge failed to preserve is new arguments in the trial court.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

        *1.    The charge instructed that sentimental value and replacement cost were proper considerations in determining intrinsic value, so evidence of these factors will support the jury's intrinsic-value award.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19*

        *2.    Enbridge did not object to the witnesses' testimony on these grounds.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22*

D.      The jury's intrinsic-value award was supported by ample evidence.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

        *1.    Enbridge improperly attempts to equate intrinsic value with diminution in fair market value.. . . . . . . . . . . . . 23*

        *2.    There was abundant evidence to support the jury's intrinsic-value award.. . . . . . . . . . . . . . . . . . . . . . . . . . . . 23*

        *3.    The evidence was factually sufficient to support the jury's award.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26*

III.    ENBRIDGE IS NOT ENTITLED TO A NEW TRIAL IN THE INTEREST OF JUSTICE DUE TO ANY CHANGE IN THE LAW.. . . . . . . . . . . . . . . . . . . . . . . . . . 28

A.      The supreme court's holding that intrinsic-value damages are recoverable when the diminution in value is essentially nominal was not a change in the law.. . . . . . . . . . . . . . . . . . . . . 29

B.      The supreme court's holding that a tree's intrinsic value comprises its aesthetic and utilitarian value was not a change in the law.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

CONCLUSION AND PRAYER.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

# INDEX OF AUTHORITIES

*Cases:*

*Allen v. American Nat'l Ins. Co.*,
380 S.W.2d 604 (Tex. 1964). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Basley v. Adoni Holdings, LLC*,
373 S.W.3d 577 (Tex. App.—
Texarkana 2012, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Boyce Iron Works, Inc. v. Southwestern*
*Bell Tel. Co.*, 747 S.W.2d 785
(Tex. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15-16

*Boyer, Inc. v. Texan Land And Cattle*
*Co.*, No. 14-00-00069-CV, 2001
WL 1590477 (Tex. App.—
Houston [14th Dist.] Dec. 13, 2001,
no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 21, 24, 33

*Brown v. Frontier Theatres, Inc.*,
369 S.W.2d 299 (Tex. 1963). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

*Bulanek v. WesTTex 66 Pipeline Co.*,
209 S.W.3d 98 (Tex. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

*Enbridge Pipelines (East Texas), L.P. v.*
*Gilbert Wheeler, Inc.*, 393 S.W.3d
921 (Tex. App.—Tyler 2013), *rev'd*,
449 S.W.3d 474 (Tex. 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Garey Constr. Co., Inc. v. Thompson*,
697 S.W.2d 865 (Tex. App.—
Austin 1985, no writ). . . . . . . . . . . . . . . . . . . . . . . . . . . . 23-24, 33-34

*Gilbert Wheeler, Inc. v. Enbridge*
   *Pipelines (East Texas), L.P.*,
   449 S.W.3d 474 (Tex. 2014). . . . . . . . . . . . .  2-6, 8, 11-14, 17, 21-23, 28, 30

*Golden Eagle Archery, Inc. v. Jackson*,
   116 S.W.3d 757 (Tex. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Elite Door & Trim, Inc.*,
   362 S.W.2d 199 (Tex. App.—
   Dallas 2012, orig. proceeding). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16-17

*Johnson v. State*, 263 S.W.3d 287
   (Tex. App.—Houston [1st Dist.]
   2007, pet. dism'd). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Key v. W. T. Grant Co.*, 439 S.W.2d 902
   (Tex. Civ. App.—El Paso 1969,
   no writ). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Lamar County Elec. Co-op. Ass'n v.*
   *Bryant*, 770 S.W.2d 921
   (Tex. App.—Texarkana 1989,
   no writ). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 24, 26, 28

*Lucas v. Morrison*, 286 S.W.2d 190
   (Tex. Civ. App.—San Antonio
   1956, no writ). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 24, 31, 34

*McGinty v. Hennen*, 372 S.W.3d 625
   (Tex. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Miloszar v. Gonzalez*, 619 S.W.2d 283
   (Tex. Civ. App.—Corpus Christi
   1981, no writ). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29-31

*Moran Corp. v. Murray*, 381 S.W.2d 324
    (Tex. Civ. App.—Texarkana 1964,
    no writ). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29-30

*Nissan Motor Co. Ltd. v. Armstrong*,
    145 S.W.3d 131 (Tex. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Ortega v. Cheshier*, No. 11-13-00002-CV,
    2015 WL 581736 (Tex. App.—
    Eastland Jan. 29, 2015, no pet.)
    (mem. op.). . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10, 20-21, 23-24, 26

*Osterberg v. Peca*, 12 S.W.3d 31
    (Tex. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19, 22

*Petco Animal Supplies, Inc. v. Schuster*,
    144 S.W.3d 554 (Tex. App.—
    Austin 2004, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

*Porras v. Craig*, 675 S.W.2d 503
    (Tex. 1984). . . . . . . . . . . . . . . . . . . . . . . 5, 12-13, 20, 28, 30, 32-33

*Russell v. Coward*, No. 10-12-00158-CV,
    2014 WL 5093990 (Tex. App.—
    Waco Oct. 9, 2014, no pet.)
    (mem. op.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Sadler v. Duvall*, 815 S.W.2d 285
    (Tex. App.—Texarkana 1991,
    writ denied). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

*Sharyland Water Supply Corp. v.*
*City of Alton*, 354 S.W.3d 407
    (Tex. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Shearer's Inc. v. Lyall*, 717 S.W.2d 128
    (Tex. App.—Houston [14th Dist.]
    1986, no writ). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 21

*Shell Pipe Line Corp. v. Svrcek*,
    37 S.W.2d 297(Tex. Civ. App.—
    Austin 1931, no writ). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

*Spindor v. Lo-Vaca Gathering Co.*,
    529 S.W.2d 63 (Tex. 1975). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 10

*Stephenville, N. & S. Texas Ry. v. Baker*,
    203 S.W. 385 (Tex. Civ. App.—
    Austin 1918, no writ). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

*Strickland v. Medlen*, 397 S.W.3d 184
    (Tex. 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20, 32-33

*Texas Indus., Inc. v. Lucas*,
    715 S.W.2d 683 (Tex. App.—
    Houston [14th Dist.] 1986,
    writ ref'd n.r.e.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 17

*Tex Star Motors, Inc. v. Regal Fin. Co.,
    Ltd.*, 401 S.W.3d 190
    (Tex. App.—Houston [14th Dist.]
    2012, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Town Hall Estates Whitney, Inc. v.
    Winters*, 220 S.W.3d 7
    (Tex. App.—Waco 2007, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . 27

*Wilen v. Falkenstein*, 191 S.W.3d 791
    (Tex. App.—Fort Worth 2006,
    pet. denied). . . . . . . . . . . . . . . . . . . . . . . . . . . . 8-9, 21, 24, 26, 33

*Withrow v. Armstrong*,
No. 10-05-00320-CV, 2006 WL
3317714 (Tex. App.—Waco
Nov. 15, 2006, pet. denied)
(mem. op.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 21, 23, 24, 33

***Rules:***

TEX. R. APP. P. 33.1(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

TEX. R. APP. P. 38.1(f). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

TEX. R. APP. P. 43.3. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

TO THE HONORABLE TWELFTH COURT OF APPEALS:

This Court should remand this case to the trial court with instructions to enter a judgment awarding the Wheelers $288,000 in actual damages, plus pre- and post-judgment interest and taxable costs. The Texas Supreme Court's opinion and judgment has undermined most of the arguments Enbridge asserted in its Appellant's Brief in this Court, and the remaining issues Enbridge raised in that brief are meritless. The Court should reject Enbridge's attempt to raise new issues in its Supplemental Brief on Remand, as those issues were waived by not raising them at trial and in its Appellant's Brief. And in any event, the Wheelers presented abundant evidence of the intrinsic value of the trees, so Enbridge's newly raised arguments are substantively meritless.

## ARGUMENT

### I. THE REMAINING ISSUES.

Enbridge raised 11 Issues Presented in its Appellant's Brief. As a practical matter, the supreme court's opinion resolved six of these Issues (Nos. 3, 4, 5, 8, 9 and 10). That leaves five of Enbridge's Issues (Nos. 1, 2, 6, 7, and 11) for this Court's further consideration.

#### A. Issue No. 1 — The Economic Loss Rule.

Enbridge's Issue No. 1 argued that the Wheelers' claim sounded solely in

contract pursuant to the economic loss rule. Enbridge raised this issue in the supreme court, *Enbridge's Br. on the Merits at 37-44*, but the supreme court held that it did not need to address it. The supreme court held that any error in submitting the Wheelers' trespass claim was harmless, because the Wheelers prevailed on their breach-of-contract claim. *Gilbert Wheeler, Inc. v. Enbridge Pipelines (East Texas), L.P.*, 449 S.W.3d 474, 485-86 (Tex. 2014).

In any event, the Wheelers' Appellee's Brief in this Court adequately explained why the Wheelers had a valid trespass claim in addition to their breach-of-contract claim. Specifically, the economic-loss rule did not bar the Wheelers' trespass cause of action because (i) Enbridge's duty not to trespass on the Mountain was imposed by the common law, not merely the Right of Way Agreement, and (ii) the Wheelers suffered property damage, not merely economic losses. *Appellee's Br. at 21-29.* Further, the Wheelers' argument was reinforced by the Texas Supreme Court's opinion in *Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407 (Tex. 2011), which rejected an expansive view of the economic-loss rule by noting that the supreme court has applied it only in cases involving defective products or negligence in failing to perform a contract. *Id.* at 418. Accordingly, the trial court did not err in submitting the trespass cause of action.

**B.     Issue No. 2 — The Economic Loss Rule *Redux*.**

Enbridge's Issue No. 2 complained that the trial court erred in submitting the Wheelers' trespass cause of action because there was legally insufficient evidence to support it.  However, Enrbidge's argument in its Appellant's Brief contained no discussion of the elements of a trespass cause of action or the evidence admitted at trial.  Instead, it simply repeated the argument made under its Issue No. 1 (that the Wheelers' claim sounded solely in contract).  *Appellant's Br. at 19-21*.  Thus, the supreme court's holding that any error in submitting the trespass cause of action was harmless applies equally to this complaint.  And even if it didn't, the economic-loss rule did not bar the Wheelers' trespass claim, as explained above.

**C.     Issue No. 3 — Cost of Repair Damages.**

Enbridge's Issue No. 3 complained that the trial court erred in submitting a jury question on cost-of-repair damages in connection with the Wheelers' breach-of-contract cause of action.  The supreme court addressed this complaint and agreed that the Wheelers could not recover the benefit of their bargain measured by the cost of repairing the damage to the Mountain.  *Gilbert Wheeler, Inc*., 449 S.W.3d at 484.  However, the supreme court held that the Wheelers could recover the $288,000 intrinsic value of the trees as the damages resulting from Enbridge's

breach of the Right of Way Agreement, even though the jury question on intrinsic-value damages was submitted in connection with the trespass cause of action. *Id.* at 486. Consequently, though the Wheelers lost this particular skirmish, they won the war.

**D.    Issue No. 4 — Request for Rendition of Judgment for $3,000.**

Enbridge's Issue No. 4 argued that the only correct measure of the Wheelers' damages was the diminution in the fair market value of the Mountain, and that its real estate appraiser's testimony that Enbridge's destruction of the trees diminished the fair market value of the Mountain by $3,000 was conclusive. Thus, Enbridge requested that this Court render judgment for the Wheelers for $3,000. *Appellant's Br. at 30-32*. In its Supplemental Brief on Remand, Enbridge claims the supreme court didn't consider or resolve this issue. *Enbridge's Supp. Br. at 4*. Not so. The supreme court directly rejected this argument and held that the Wheelers could recover the intrinsic value of the trees because even a $3,000 diminution in the fair market value of the Mountain was "essentially nominal." *Gilbert Wheeler, Inc.*, 449 S.W.3d at 485.

**E.    Issue No. 5 — Admission of the Wheelers' Real Estate Expert's Testimony.**

Enbridge's Issue No. 5 complained that the trial court erred in admitting the

4

testimony of Jimmie Lovell, the Wheelers' real estate expert, that the destruction of the trees did not diminish the fair market value of the Mountain. The only reason this testimony was material was as a predicate to the recovery of intrinsic-value damages. *Gilbert Wheeler, Inc.*, 449 S.W.3d at 483; *Porras v. Craig*, 675 S.W.2d 503, 506 (Tex. 1984). But the supreme court held that even **Enbridge's** real estate appraiser's testimony (that the destruction of the trees diminished the fair market value of the Mountain by $3,000) would satisfy the factual predicate for the recovery of intrinsic-value damages. *Gilbert Wheeler, Inc.*, 449 S.W.3d at 485 & n.5. Accordingly, any error in admitting Lovell's testimony was harmless. And Enbridge's Supplemental Brief on Remand essentially concedes that this complaint is no longer material. *Enbridge's Supp. Br. at 5.* In any event, as explained in the Wheelers' Appellee's Brief, Enbridge failed to preserve its complaint about the admission of Lovell's testimony in the trial court, and the trial court did not abuse its discretion in admitting the testimony anyway. *Appellee's Br. at 35-42.*

**F.    Issue No. 6 — Admission of Expert Testimony on the Cost to Restore the Mountain.**

Enbridge's Issue No. 6 complained that the trial court erred in admitting the testimony of arborist Greg David and civil engineer Lynwood Smelser regarding

5

the cost to restore the Mountain.  Specifically, Enbridge argued that the only proper measure of damages was diminution in fair market value, and therefore evidence of the cost of restoring the property was irrelevant.  *Appellant's Br. at 42-43*.  The supreme court did not address this issue and remanded the case to this Court to consider it.  *Gilbert Wheeler, Inc*., 449 S.W.3d at 486.  However, the supreme court's opinion does impact this complaint.

### 1.    *Smelser's testimony about the cost of restoring the stream.*

### a.    Smelser's testimony was admissible.

Smelser's testimony related to the cost of repairing the stream on the property, not the cost of replacing the trees.  [6 RR 138-142]  This testimony was relevant to the issue of the diminution in the fair market value of the Mountain.  *Spindor v. Lo-Vaca Gathering Co.*, 529 S.W.2d 63, 65 (Tex. 1975) (expert's estimated cost to restore property is admissible to prove diminution in fair market value).  Of course, the Wheelers didn't want their recovery limited to the diminution in fair market value, and introduced evidence to support the recovery of intrinsic-value damages.  But until the jury returned its verdict, it was unknown whether the Wheelers would be entitled to recover the intrinsic value of the trees or would be limited to recovering the diminution in the fair market value of the Mountain.  Accordingly, it was entirely proper for the Wheelers to introduce

6

evidence relevant to the diminution in the fair market value of the Mountain, just in case the jury determined that Enbridge's conduct had diminished the fair market value of the Mountain in more than a nominal amount. Indeed, Enbridge's argument was that evidence relevant to the diminution in fair market value was the *only* proper damages evidence. *Appellant's Br. at 41-43*. Because Smelser's testimony was relevant to the diminution in the fair market value of the Mountain, the trial court did not abuse its discretion in admitting it.

### b. Any error in admitting Smelser's testimony was harmless.

Erroneous admission of evidence requires reversal only if the error probably resulted in an improper judgment. *Nissan Motor Co. Ltd. v. Armstrong*, 145 S.W.3d 131, 144 (Tex. 2004). In determining whether the erroneous admission of evidence was harmful, the court reviews the entire record to ascertain if the complaining party has carried its burden to demonstrate that the judgment turned on the particular evidence admitted. *Id*.

Because the Wheelers will not recover the cost of restoring the stream, any error in admitting Smelser's testimony was harmless. The cost of restoring the stream was probably included in the jury's $300,000 cost-of-repair award. [28 CR 3618] But it was certainly not included in the $288,000 intrinsic-value award,

7

because the charge instructed the jury to confine that award to the intrinsic value of **the trees**. [28 CR 3622] *See Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 771 (Tex. 2003) (unless the record demonstrates otherwise, an appellate court must presume that the jury followed the instructions in the charge). The supreme court held that the Wheelers could recover the intrinsic value of the trees, but not the cost of restoring the Mountain (including the stream). *Gilbert Wheeler, Inc.*, 449 S.W.3d at 484, 486. Consequently, even if the trial court erred in admitting Smelser's testimony, that error was harmless, because the judgment does not turn on Smelser's testimony regarding the cost of repairing the stream.

### 2. David's testimony about the cost of replacing the trees.

#### a. David's testimony was admissible.

Greg David's testimony about the cost of replacing the trees was admissible because it was probative of the intrinsic value of the trees. *Ortega v. Cheshier*, No. 11-13-00002-CV, 2015 WL 581736, at *4 (Tex. App.—Eastland Jan. 29, 2015, no pet.) (mem. op.) (Greg David's testimony regarding cost of restoring destroyed trees supported trial court's intrinsic-value award); *Withrow v. Armstrong*, No. 10-05-00320-CV, 2006 WL 3317714, at *3-*4 (Tex. App.—Waco Nov. 15, 2006, pet. denied) (mem. op.) (testimony of cost of replacing trees supported intrinsic-value damages); *Wilen v. Falkenstein*, 191 S.W.3d 791, 799

(Tex. App.—Fort Worth 2006, pet. denied) (affirming $5,300 intrinsic value award for destruction of single ornamental tree based in part on evidence of $4,100 replacement cost); *Boyer, Inc. v. Texan Land And Cattle Co.*, No. 14-00-00069-CV, 2001 WL 1590477, at *4 (Tex. App.—Houston [14th Dist.] Dec. 13, 2001, no pet.) (not designated for publication) (expert's testimony that replacement of trees would cost $261,000 was evidence jury could consider in determining intrinsic value, but was not conclusive); *Lamar County Elec. Co-op. Ass'n v. Bryant*, 770 S.W.2d 921, 923 (Tex. App.—Texarkana 1989, no writ) (nursery owner's testimony regarding cost of similar trees supported intrinsic-value award); *Shearer's Inc. v. Lyall*, 717 S.W.2d 128, 130 (Tex. App.—Houston [14th Dist.] 1986, no writ) (expert's testimony that it would cost $72,500 to replace trees was the only evidence of intrinsic value, so court erred in awarding only $2,250). Indeed, the trial court's charge instructed the jury that it could consider the cost of replacing the trees in determining their intrinsic value. [28 CR 3622] And Enbridge did not object to that instruction on the ground that the cost of replacement is an improper consideration in determining intrinsic value. [9 RR 87-89] Accordingly, the trial court properly admitted David's testimony as relevant to the issue of intrinsic value.

Further, just as Smelser's testimony was admissible because it was probative of the diminution in the fair market value of the Mountain, so was David's. *Spindor*, 529 S.W.2d at 65. Accordingly, the trial court did not abuse its discretion in overruling Enbridge's objection to David's testimony.

**b.** **Any error in admitting David's testimony was harmless.**

David testified that the cost of restoring the trees was between $585,000 and $857,000. [7 RR 263-268] But the jury only awarded the Wheelers $288,000 in intrinsic-value damages. [28 CR 3622] This demonstrates that the jury took David's testimony on the cost of repair for just what it was: a circumstance to consider along with all the other evidence in arriving at the intrinsic value of the trees. Accordingly, even if it was error to admit David's testimony (which it wasn't), Enbridge cannot demonstrate that this error probably resulted in an improper judgment. Indeed, given the powerful testimony from Kathryn Wheeler and Lynwood Smelser regarding the aesthetic and utilitarian value of the trees, *see Appellee's Br. at 1-3, 6-8*, the jury's conservative award would have been well supported even without David's cost-of-repair testimony. *Ortega*, 2015 WL 581736 at *4-*5.

**G.      Issue No. 7 — Exclusion of Enbridge's Experts' Testimony.**

Enbridge's Issue No. 7 complained that the trial court erred in excluding certain testimony of Enbridge's forestry economist, Dr. Gary Kronrad, and its engineer, Daniel Plume.  The supreme court did not address this issue and remanded the case to this Court to consider it.  *Gilbert Wheeler, Inc*., 449 S.W.3d at 486.  However, as we demonstrated in the Wheelers' Appellee's Brief, the trial court did not abuse its discretion in excluding this testimony because it had not been properly disclosed, and the exclusion of the testimony was harmless anyway.  *Appellee's Br. at 44-48*.

**H.      Issue No. 8 — Failure to Submit a Jury Question on Whether the Injury was Permanent or Temporary.**

Enbridge's Issue No. 8 complained that the trial court erred in submitting intrinsic-value damages to the jury without a predicate question inquiring whether the injury was permanent or temporary.  This was the issue this Court sustained in its original opinion, *Enbridge Pipelines (East Texas), L.P. v. Gilbert Wheeler, Inc*., 393 S.W.3d 921, 929 (Tex. App.—Tyler 2013), which the supreme court reversed.  *Gilbert Wheeler, Inc*., 449 S.W.3d at 483-84.  Accordingly, this issue has been resolved in the Wheelers' favor.

I.      **Issue No. 9 — Absence of Admissible Evidence of No Diminution in Fair Market Value.**

Enbridge's Issue No. 9 complained that, because Jimmie Lovell's testimony that there was no diminution in the fair market value of the Mountain should have been excluded, the Wheelers could not recover intrinsic-value damages. *Appellant's Br. at 50.* As Enbridge concedes, the supreme court resolved this issue in the Wheelers' favor when it held that the Wheelers could recover intrinsic-value damages based on Enbridge's expert's testimony that the diminution in the Mountain's fair market value was only $3,000. *Enbridge's Supp. Br. at 6*; *Gilbert Wheeler, Inc.*, 449 S.W.3d at 485.

J.      **Issue No. 10 — Timber Value of the Trees.**

Enbridge's Issue No. 10 argued that the Wheelers could not recover the intrinsic value of the trees because the trees had value as timber. *Appellant's Br. at 50-53.* The supreme court expressly rejected this argument:

> Enbridge also argues that Wheeler failed to show that the destroyed trees had no market value as timber separate and apart from the real property to which they were attached, rendering intrinsic value damages improper. *E.g., Lucas v. Morrison*, 286 S.W.2d 190, 191 (Tex. Civ. App.—San Antonio 1956, no writ). When we recognized intrinsic value damages in *Porras,* we did not require the plaintiff to make such a showing, which makes sense because that measure applies to trees that serve ornamental or shade purposes. 675 S.W.2d at 506.

12

*Gilbert Wheeler, Inc*., 449 S.W.3d at 484 n. 4.

Enbridge's Supplemental Brief on Remand claims that the supreme court didn't understand its argument. But Enbridge's description of its argument in its Supplemental Brief shows that the supreme court understood its argument precisely. Enbridge says, "Enbridge's position is that Wheeler, Inc. was precluded from submitting an intrinsic value question to the jury because the record contains uncontradicted evidence that the trees had a specific market value separate and apart from the land." *Supp. Br. at 7*. The supreme court unambiguously held that the Wheelers could recover the intrinsic value of the trees regardless of whether they had value as timber. *Gilbert Wheeler, Inc*., 449 at 484 n.4. This Court is not at liberty to ignore the supreme court's holding just because Enbridge thinks the supreme court got it wrong.

Enbridge claims that footnote 4 in the supreme court's opinion in this case means that in order to recover the intrinsic value of ***ornamental or shade*** trees, the plaintiff must prove that the trees have no value when severed from the land, but that to recover the intrinsic value of "acreage forest/timber, as in *Porras v. Craig*, no such requirement exists." *Supp. Br. at 8.* The supreme court drew no such distinction. *Gilbert Wheeler, Inc*., 449 at 484 n.4 ("When we recognized intrinsic value damages in *Porras,* we did not require the plaintiff to make such a showing,

which makes sense because that measure applies to trees that serve ornamental or shade purposes.").  Enbridge's Issue 10 was resolved against it by the supreme court.

### K.  Issue 11 — Refusal to Submit Enbridge's Requested Jury Questions.

Enbridge's Issue No. 11 complained of the trial court's refusal to submit certain requested jury questions.  The supreme court did not address this issue and remanded the case to this Court to consider it.  *Gilbert Wheeler, Inc*., 449 S.W.3d at 486.  However, we have demonstrated in the Wheelers' Appellee's Brief that this issue must be overruled.  *Appellee's Br. at 48-50.*

## II.  ENBRIDGE'S IMPROPER "SUPPLEMENTAL ISSUES PRESENTED IN LIGHT OF THE SUPREME COURT'S DECISION."

Enbridge's Supplemental Brief on Remand attempts to present new arguments under its original Issue No. 4, *Supp. Br. at 4-5*, and two "Supplemental Issues Presented in Light of the Supreme Court's Decision."  *Supp. Br. at 12-26.* Specifically, Enbridge's Supplemental Brief argues that (i) Kathryn Wheeler's testimony does not support the jury's intrinsic-value finding because it was merely evidence of the Mountain's sentimental value and (ii) Greg David's evidence of the cost of restoring the trees is not probative of their intrinsic value.  Because these arguments were not preserved in either the trial court or Enbridge's

14

Appellant's Brief, and exceed the scope of the supreme court's mandate, this Court cannot consider them. And the arguments are substantively meritless anyway.

## A. This Court may only consider issues (i) raised in Enbridge's Appellant's Brief and (ii) that the supreme court has directed this Court to consider.

### 1. *This Court can only consider grounds for reversal that were asserted in Enbridge's Appellant's Brief.*

The appellant's brief must state all issues or points presented for review, TEX. R. APP. P. 38.1(f), and the court of appeals cannot consider any issue not presented in the appellant's brief. *Basley v. Adoni Holdings, LLC*, 373 S.W.3d 577, 588 (Tex. App.—Texarkana 2012, no pet.). Thus, a party may not raise an issue for the first time after the case has been remanded from the supreme court. *Texas Indus., Inc. v. Lucas*, 715 S.W.2d 683, 688 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.) (issue raised for the first time after remand from supreme court was waived); *Key v. W. T. Grant Co.*, 439 S.W.2d 902, 903 (Tex. Civ. App.—El Paso 1969, no writ) (appellant may not raise new issues upon remand from supreme court).

### 2. *Boyce Iron Works does not permit Enbridge to raise new grounds for reversal in its Supplemental Brief on Remand.*

Enrbidge claims that it is entitled to raise new issues upon remand from the

15

supreme court under the authority of *Boyce Iron Works, Inc. v. Southwestern Bell Telephone Co.*, 747 S.W.2d 785 (Tex. 1987). *Boyce* is completely inapposite. *Boyce* addressed the situation in which a claimant obtains a jury verdict on two alternative theories of recovery. In that situation, the trial court can render judgment on only one theory of recovery (the one that affords the plaintiff the greatest relief). *Boyce* held that the claimant does not have to complain of the trial court's failure to render judgment on the alternative theory in the trial court or by cross-point on appeal in order to recover on the alternative theory if the appellate court reverses the judgment rendered on the first theory. *Id*. at 787.

*Boyce* does ***not*** mean that Enbridge can now raise new arguments for reversal of the trial court's judgment that were not raised in its Appellant's Brief. To the contrary, Enbridge waived any grounds for reversal that were not asserted in its Appellant's Brief. *Basley*, 373 S.W.3d at 588; *Texas Indus.*, 715 S.W.2d at 688; *Key*, 439 S.W.2d at 903.

**3. This scope of this Court's review upon remand is circum-scribed by the supreme court's mandate, which limited such review to the Issues raised in Enbridge's Appellant's Brief.**

Further, this Court's jurisdiction on remand is limited by the scope of the supreme court's mandate, which is interpreted by considering both the supreme court's mandate and its opinion. *In re Elite Door & Trim, Inc.*, 362 S.W.2d 199,

16

201 (Tex. App.—Dallas 2012, orig. proceeding); *Tex Star Motors, Inc. v. Regal Fin. Co., Ltd.*, 401 S.W.3d 190, 195 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *Texas Indus.*, 715 S.W.2d at 688. The supreme court's mandate in this case stated, "The cause is remanded to [this Court] for further proceedings consistent with [the supreme court's] opinion." And the supreme court's opinion stated:

### IV. Remaining Issues

Enbridge ***raised several issues in the court of appeals*** that were not reached because of that court's disposition of the case. Some of those issues were argued in the parties' briefing to this Court and have been discussed in this opinion. However, several were not, including various ***challenges to the trial court's admission of Wheeler's experts' testimony, exclusion of Enbridge's experts' testimony, and failure to submit a jury question on one of Enbridge's breach-of-contract defenses***. As ***these*** issues were not briefed in this Court, we hereby remand the case to the court of appeals to address them. . . . For the reasons discussed above, we reverse the court of appeals' judgment and remand the case to that court to address the remaining issues in a manner consistent with this opinion.

*Gilbert Wheeler, Inc.*, 449 S.W.3d at 486. Thus, the supreme court remanded this case to this Court for this Court to consider only those issues presented in Enbridge's Appellant's Brief that were not addressed by the supreme court. This Court may not consider any new issues raised for the first time in Enbridge's Supplemental Brief on Remand.

17

**B.** **Enbridge raised no Issue in its Appellant's Brief regarding the sufficiency of the evidence of the trees' intrinsic value.**

Enbridge's Appellant's Brief raised Issues arguing that:

(i) the only proper measure of damages was the diminution in the Mountain's fair market value (Issues No. 3, 4, 5, and 6); and

(ii) the Wheelers couldn't recover the intrinsic value of the trees because:

    (a) the trees had value as timber (Issue 10),

    (b) the fair market value of the Mountain had been diminished (Issue 9), and

    (c) the jury was not asked to find whether the injury to the Mountain was permanent or temporary (Issue 8).

But Enbridge's Appellant's Brief did ***not*** include any Issue arguing that there was legally or factually insufficient evidence of the trees' utilitarian or aesthetic value. As this argument was raised for the first time in Enbridge's Supplemental Brief on Remand, it falls outside the scope of the supreme court's mandate, and this Court cannot entertain it.

**C.** **Enbridge failed to preserve is new arguments in the trial court.**

As a prerequisite to presenting a complaint for appellate review, the record must show that (i) the complaint was made to the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific

18

grounds were apparent from the context, and (ii) the trial court ruled on the complaint, either expressly or implicitly. TEX. R. APP. P. 33.1(a). Further, the complaint on appeal must match the one made in the trial court. *Johnson v. State*, 263 S.W.3d 287, 289 (Tex. App.—Houston [1ˢᵗ Dist.] 2007, pet. dism'd).

### 1. The charge instructed that sentimental value and replacement cost were proper considerations in determining intrinsic value, so evidence of these factors will support the jury's intrinsic-value award.

The jury charge defined "intrinsic value" as follows:

"Intrinsic value" is an inherent value not established by market forces. It is a personal or sentimental value. In determining property's intrinsic value, you may consider the owner's use of the property, the purpose of the property, its particular fitness for such uses and purposes, the cost of replacing the property, its condition at the time of the loss, the opinions of qualified experts, including the owner, as to its value, and any other facts or circumstances you find relevant. [28 CR 3622]

Enbridge did not object to the charge on the ground that the definition of "intrinsic value" erroneously permitted the jury to consider the trees' sentimental value or the replacement cost. [9 RR 87-89] Accordingly, the sufficiency of the evidence to support the jury's $288,000 intrinsic-value damage award is measured against the definition in the jury charge, even if it varies from the definition the supreme court set forth in its opinion in this case. *McGinty v. Hennen*, 372 S.W.3d 625, 628 (Tex. 2012); *Osterberg v. Peca*, 12 S.W.3d 31, 55 (Tex. 2000). This is

19

because where, as in this case, a ground of recovery "is submitted, however erroneously or incompletely, the parties are thereby put upon notice that the jury's answers to the issues actually submitted will form the basis of the court's judgment thereafter to be rendered thereon. It then becomes the duty of each party to point out errors of omission or commission, or be held estopped from thereafter urging them." *Allen v. American Nat'l Ins. Co.*, 380 S.W.2d 604, 609 (Tex. 1964).

Nor can Enbridge take refuge in its implication that the supreme court changed the law regarding intrinsic-value damages, such that it could not have been expected to preserve its argument in the trial court. As the supreme court explained in *Strickland v. Medlen*, 397 S.W.3d 184 (Tex. 2013), its 1984 opinion in *Porras v. Craig*, 675 S.W.2d 503 (Tex. 1984), "did not import sentimental considerations into measuring 'intrinsic value'," and indeed "excluded such subjective notions." *Strickland*, 397 S.W.2d at 190. Accordingly, Enbridge had fair warning that the inclusion of "sentimental value" in this definition might be objectionable, yet chose not to object.

Further, cases decided both before and after the supreme court's opinion in this case have held that replacement cost is a proper consideration in determining the intrinsic value of trees. *Ortega v. Cheshier*, No. 11-13-00002-CV, 2015 WL

581736, at *4 (Tex. App.—Eastland Jan. 29, 2015, no pet.) (mem. op.) (Greg David's testimony regarding cost of replacing destroyed trees supported trial court's intrinsic-value award); *Withrow v. Armstrong*, No. 10-05-00320-CV, 2006 WL 3317714, at *3-*4 (Tex. App.—Waco Nov. 15, 2006, pet. denied) (mem. op.) (testimony of cost of replacing trees supported intrinsic-value damages); *Wilen v. Falkenstein*, 191 S.W.3d 791, 799 (Tex. App.—Fort Worth 2006, pet. denied) (affirming $5,300 intrinsic-value award for destruction of single ornamental tree based in part on evidence of $4,100 replacement cost); *Boyer, Inc. v. Texan Land And Cattle Co.*, No. 14-00-00069-CV, 2001 WL 1590477, at *4 (Tex. App.—Houston [14th Dist.] Dec. 13, 2001, no pet.) (not designated for publication) (expert's testimony that replacement of trees would cost $261,000 was evidence jury could consider in determining intrinsic value, but was not conclusive); *Shearer's Inc. v. Lyall*, 717 S.W.2d 128, 130 (Tex. App.—Houston [14th Dist.] 1986, no writ) (expert's testimony that it would cost $72,500 to replace trees was the only evidence of intrinsic value, so court erred in awarding only $2,250). And the supreme court's opinion in this case did not hold otherwise. To the contrary, it stated that, while the primary indicator of a tree's intrinsic value is its aesthetic and utilitarian value, "[w]e also do not rule out other elements of objective value to the extent an expert lays a proper predicate." *Gilbert Wheeler, Inc.*, 449 S.W.3d

at 483. Certainly, the amount it will cost to replace the trees is an "element of objective value" that the jury can consider in determining its intrinsic value.

Accordingly, Enbridge's argument that evidence of the trees' sentimental value and replacement cost does not support the jury's intrinsic-value award is incorrect. Since Enbridge did not object to the inclusion of these elements in the charge's definition of "intrinsic value," evidence of those factors is to be considered in determining whether the jury's award was supported by legally sufficient evidence. *Osterberg*, 12 S.W.3d at 55.

### 2. *Enbridge did not object to the witnesses' testimony on these grounds.*

At trial, Enbridge did not object to Kathryn Wheeler's testimony on the ground that it pertained to sentimental value. [7 RR 188-212] Further, while Enbridge objected to Greg David's testimony on the ground that the only proper measure of damages was diminution in fair market value, it did not object on the ground that the cost of repair is not a proper consideration in determining intrinsic value. [7 RR 253-254] Accordingly, Enbridge did not preserve these arguments in the trial court.

### D. The jury's intrinsic-value award was supported by ample evidence.

In addition to the fact that they were not preserved, Enbridge's legal and

factual insufficiency complaints are substantively meritless.

### 1. *Enbridge improperly attempts to equate intrinsic value with diminution in fair market value.*

Enbridge's Supplemental Brief essentially argues that the only way to prove a tree's aesthetic and utilitarian value is by opinion testimony regarding how much the tree increases the fair market value of the property. *Supp. Br. at 14-15.* Such a rule would undermine the whole purpose of intrinsic-value damages, which is to fairly compensate the owner of the tree when its destruction does not significantly diminish the fair market value of the property. *Gilbert Wheeler, Inc.*, 449 S.W.3d at 482-83. As the jury charge instructed without objection, "'Intrinsic value' is an inherent value *not established by market forces*." [28 CR 3622 (emphasis added); 9 RR 87-89] *Withrow*, 2006 WL 3317714 at *2. Enbridge's attempt to define utilitarian and aesthetic value as the amount by which the trees increase the fair market value of the property is an improper attempt to circumvent the supreme court's holding that the Wheelers' recovery was not limited to the diminution in the fair market value of the Mountain.

### 2. *There was abundant evidence to support the jury's intrinsic-value award.*

The plaintiff need not present opinion testimony regarding the intrinsic value of trees in dollars and cents. *Ortega*, 2015 WL 581736 at *3; *Garey Constr.*

23

*Co., Inc. v. Thompson*, 697 S.W.2d 865, 867 (Tex. App.—Austin 1985, no writ); *Lucas v. Morrison*, 286 S.W.2d 190, 191 (Tex. Civ. App.—San Antonio 1956, no writ). Instead, all that is required to support an award of intrinsic-value damages is testimony regarding the utility and beauty of the trees. *Ortega*, 2015 WL 581736 at *4-*5; *Russell v. Coward*, No. 10-12-00158-CV, 2014 WL 5093990, at *5-*6 (Tex. App.—Waco Oct. 9, 2014, no pet.) (mem. op.); *Wilen*, 191 S.W.3d at 799; *Boyer*, 2001 WL 1590477 at *3; *Lamar County Elec. Co-op. Ass'n v. Bryant*, 770 S.W.2d 921, 923 (Tex. App.—Texarkana 1989, no writ); *Garey Constr. Co.*, 697 S.W.2d at 867; *Lucas*, 286 S.W.2d at 191. However, as the court's charge instructed, the cost of replacing the trees is also an element of proof the jury can consider. [28 CR 3622] *Ortega*, 2015 WL 581736 at *4; *Withrow*, 2006 WL 3317714 at *3-*4; *Wilen*, 191 S.W.3d at 799; *Boyer*, 2001 WL 1590477 at *4; *Lamar County Elec. Co-op.*, 770 S.W.2d at 923. The Wheelers presented ample evidence to support the jury's intrinsic-value award under these standards.

The Mountain is a beautifully wooded property, as photographs introduced into evidence showed. [PX 17-1—17-4, 17:12—17-17] But when Enbridge bulldozed the easement, it destroyed every tree, shrub and vine on it. [6 RR 64-65, 116-117] The jury properly awarded the Wheelers $288,000 in intrinsic-value damages for the destruction of the trees on the easement, because both Kathryn

Wheeler and Lynwood Smelser offered copious testimony regarding the trees' beauty and utility.

Kathryn testified that the Wheelers use the Mountain for recreation and enjoyment [7 RR 192, 200], including riding four-wheelers, walking through the forest, hunting and family gatherings. [7 RR 194-195, 201, 212-213] Kathryn loved watching the squirrels in the forest, so she wouldn't permit squirrel hunting on the Mountain. [7 RR 195] But since Enbridge clear-cut the right of way, the squirrels don't come there any more. [7 RR 210]

The Wheelers brought goats onto the property to clear the underbrush so they could better see the beautiful trees. [7 RR 197-98] Kathryn's favorite were the white oaks, because they make "humongous acorns." [7 RR 198] By plowing down the trees, Enbridge also destroyed walking trails that Katherine and Gilbert had enjoyed. [7 RR 201]

Lynwood Smelser testified that Enbridge destroyed trees of 31 different species that were growing on the right of way, including the White Oaks that Katherine loved so much. [6 RR 116-117, 124] Many of these trees were 50-100 years old, and it would take 100 years for nature to restore them. [6 RR 161, 162] Smelser provided a power-point presentation to acquaint the jury with the various species of trees that were destroyed and the benefits to the ecosystem that these

25

trees provided. [6 RR 104-130; PX 10] That presentation demonstrated that the trees that were destroyed were beautiful and highly beneficial. They provided food and shelter for myriad animals, including wild hare, white-tailed deer, black-tailed deer, cottontail rabbits, fox, beaver, black bear, and Katherine's beloved squirrels. Likewise, they provided food and shelter for many birds, including wild turkey, bobwhite quail, purple finch, rose-breasted grosbeaks, Carolina chickadee, downy woodpeckers, wood ducks, mallard ducks, and the endangered red-cockaded woodpecker. These trees, including many ornamental species, also helped to conserve and enrich the soil, and had great recreational and aesthetic value. [6 RR 118-126]

Finally, Greg David's testimony that it would cost between $585,000 and $857,000 to replace the trees [7 RR 263-268] also supported the jury's award of $288,000 for the intrinsic value of the trees. *Ortega*, 2015 WL 581736 at *4; *Wilen*, 191 S.W.3d at 799; *Lamar County Elec. Co-op.*, 770 S.W.2d at 923. Enbridge's newly raised complaint that there was legally insufficient evidence of the utilitarian and aesthetic value of the trees is meritless.

### 3. *The evidence was factually sufficient to support the jury's award.*

When the party without the burden of proof at trial (like Enbridge here)

complains of the factual sufficiency of the evidence to support an adverse jury finding, the court of appeals must consider and weigh all of the evidence, not just the evidence that supports the verdict. The court of appeals will set aside the finding if it is so contrary to the overwhelming weight of the evidence that the finding is clearly wrong and unjust. Reversal can occur because the finding was based on weak or insufficient evidence or because the proponent's proof, although adequate if taken alone, is overwhelmed by the opponent's contrary proof. *Town Hall Estates Whitney, Inc. v. Winters*, 220 S.W.3d 71, 80 (Tex. App.—Waco 2007, no pet.).

We have demonstrated above that the jury's intrinsic-value award was supported by abundant and potent evidence. Indeed, it is hard to imagine a case with more compelling evidence of the trees' utility and beauty. The jury's intrinsic-value award most certainly was ***not*** based on weak or insufficient evidence.

Nor was the Wheelers' proof overwhelmed by Enbridge's contrary proof. The only contrary evidence Enbridge offers in its Supplemental Brief is its forestry economist's testimony that, while evaluating the timber value of the destroyed trees, he did not see any ornamental or fruit trees, and the easement looked like the area around it. [8 RR 145] Enbridge claims that this evidence "establishes that

27

the trees at issue were not the sort of 'aesthetic' or 'utilitarian' trees for which intrinsic value damages may be recovered . . ..” *Supp. Br. at 25.* Unfortunately for Enbridge, the supreme court disagreed. *Gilbert Wheeler, Inc*., 449 S.W.3d at 486. *See also Porras v. Craig*, 675 S.W.2d 503, 504, 506 (Tex. 1984) (defendant destroyed “a substantial number of trees” up to four feet in diameter covering two acres of land); *Lamar County Elec*., 770 S.W.2d at 923 (rejecting defendant's argument that plaintiff could not recover intrinsic value of 36 native or indigenous trees ranging in size from one inch to sixteen inches in diameter). And in any event, the Wheelers' evidence of the trees' beauty and utility overwhelmed Enbridge's forestry economist's testimony, not the other way around.

## III. ENBRIDGE IS NOT ENTITLED TO A NEW TRIAL IN THE INTEREST OF JUSTICE DUE TO ANY CHANGE IN THE LAW.

This Court has discretion to remand in the interest of justice, rather than render judgment. TEX. R. APP. P. 43.3. But this case does not present a situation in which justice warrants a new trial.

“The most compelling case for such a remand is where [the court] overrule[s] existing precedents on which the losing party relied at trial.” *Bulanek v. WesTTex 66 Pipeline Co.*, 209 S.W.3d 98, 100 (Tex. 2006). Enbridge attempts to invoke this rationale, but without success. Indeed, in its Motion for Rehearing

28

in the supreme court, Enbridge requested that the supreme court grant it a new trial in the interest of justice on these very same bases. *Enbridge's Mot. for Rehearing at 12-16.* The supreme court refused to do so, and so should this Court.

Enbridge claims that the supreme court made two changes to the law, and that Enbridge tried its case in reliance on (different) preexisting law. But neither of the two holdings was a change in prior law, and Enbridge wouldn't have tried the case any differently even if it had foreseen the supreme court's holdings in this case (which it should have).

### A. The supreme court's holding that intrinsic-value damages are recoverable when the diminution in value is essentially nominal was not a change in the law.

Enbridge claims the supreme court changed the law by holding that intrinsic-value damages are recoverable even if the destruction of the trees results in some nominal diminution in the fair market value of the property. But there was authority for this proposition even before the supreme court's opinion in this case. *See Moran Corp. v. Murray*, 381 S.W.2d 324, 328 (Tex. Civ. App.—Texarkana 1964, no writ) ("The burden is on the plaintiff to sustain the use of an alternate formula, in this instance by showing that destruction of the trees did not have a ***significant*** effect upon the market value of the land before offering proof supporting another measure." (emphasis added)). *See also Miloszar v. Gonzalez*,

619 S.W.2d 283, 284-85 (Tex. Civ. App.—Corpus Christi 1981, no writ) ("Under some circumstances, however, this general rule for assessing damages will not *wholly* compensate the owner. . . . Thus, after the proper predicate has been laid by presenting competent evidence that the diminution in market value test will not compensate the injured party, then this exception to the rule may be used to show the value of the loss of the intrinsic value of the trees." (emphasis added)). In fact, the supreme court relied on this prior caselaw to support its holding in this case. *Gilbert Wheeler, Inc*., 449 S.W.3d at 483 (citing *Moran*). And this holding should not have been a surprise to Enbridge, because the Wheelers made this very argument (and cited *Moran*) in the trial court prior to trial. [27 CR 3392 ("It is true that some cases say that the recovery of intrinsic value is 'contingent on a showing of no reduction in market value.' *Porras v. Craig*, 675 S.W.2d 503, 506 (Tex. 1984). But others more accurately say that it is conditioned on a showing that . . . the loss of the trees did not *significantly* diminish the fair market value of the property. *Moran Corp. v. Murray*, 381 S.W.2d 324, 328 (Tex. Civ. App.—Texarkana 1964, no writ)." (emphasis in original)); 3 RR 10 (referring to "the line of cases in Texas that says that when the destruction of trees on property insignificantly diminishes the fair market value of the property, the Plaintiff is entitled to recover their intrinsic value.")] (The Wheelers also made this argument

30

in their Appellee's Brief in this Court. *Appellee's Br. at 33-35*.)

Further, it only makes sense that intrinsic value is recoverable when diminution in value is insignificant, since the whole point of permitting the recovery of intrinsic-value damages is to accurately compensate the plaintiff when diminution-in-value damages would not adequately compensate him for his actual loss. *Miloszar*, 619 S.W.2d at 284-85; *Lucas v. Morrison*, 286 S.W.2d 190, 191 (Tex. Civ. App.—San Antonio 1956, no writ). Indeed, in holding that a plaintiff may recover the "special value" of personal property that has its "primary value in sentiment," the Texas Supreme Court had merely required that the special value be greater than the market value, not that the personal property have no market value at all. *Brown v. Frontier Theatres, Inc.*, 369 S.W.2d 299, 305 (Tex. 1963). Accordingly, Enbridge should have known prior to trial that intrinsic-value damages were available if the destruction of the trees did not significantly diminish the fair market value of the property. The supreme court's affirmation of that principle in this case was not a change in the law that entitles Enbridge to a do-over.

In any event, how could Enbridge have changed its proof to accommodate the supreme court's holding? Presumably, its real estate appraiser calculated the diminution in the Mountain's value honestly and objectively, uninfluenced by the

31

legal effect his calculation would have, and testified truthfully that he believed the diminution in the Mountain's value was $3,000. How could Enbridge overcome that fact in a new trial? Surely Enbridge isn't saying that, if it had known that a $3,000 diminution in value would not be enough to foreclose the recovery of intrinsic-value damages, it would have cajoled its expert to change his opinion to some higher amount.

B. **The supreme court's holding that a tree's intrinsic value comprises its aesthetic and utilitarian value was not a change in the law.**

Enbridge claims that the supreme court's description of "intrinsic value" as relating to the trees' aesthetic and utilitarian value was a change in the law. It wasn't. *See Petco Animal Supplies, Inc. v. Schuster*, 144 S.W.3d 554, 564 (Tex. App.—Austin 2004, no pet.) (". . . the intrinsic value of trees is said to be comprised of both an ornamental (aesthetic) value and a utility (shade) value."); *Sadler v. Duvall*, 815 S.W.2d 285, 292 (Tex. App.—Texarkana 1991, writ denied) ("Trees have an aesthetic value, sometimes referred to as their ornamental value, as well as a utility value for shade. . . . Both the ornamental and utility value are part of the intrinsic value . . .."). Indeed, in *Strickland v. Medlen*, 397 S.W.3d 184 (Tex. 2013), the court explained that in its 1984 opinion in *Porras*, it "remanded for a new trial to determine the 'intrinsic value' of the felled trees — that is, [their]

32

ornamental (aesthetic) value and [their] utility (shade) value." *Id.* at 190 (citing *Porras*, 675 S.W.2d at 506). And for almost a hundred years, the cases applying the intrinsic-value measure of damages have recognized that a tree's intrinsic value is primarily composed of its utilitarian and aesthetic value. *See, e.g., Porras*, 675 S.W.2d at 506 ("If a defendant's cutting down shade or ornamental trees does not reduce the market value of the property, courts are authorized to award damages for the intrinsic value of the trees."); *Boyer, Inc. v. Texan Land And Cattle Co.*, No. 14-00-00069-CV, 2001 WL 1590477, at *2 (Tex. App.—Houston [14th Dist.] Dec. 13, 2001, no pet.) (not designated for publication) ("Intrinsic value may be proven by evidence of a thing's uses, its particular fitness for such uses, and the reasonable value thereof."); *Withrow v. Armstrong*, No. 10-05-00320-CV, 2006 WL 3317714, at *2 (Tex. App.—Waco Nov. 15, 2006, pet. denied) (mem. op.) ("As owner of the tree, Armstrong could testify to the tree's intrinsic value. He testified that the tree was ornamental, provided shade and was one of two matching cypress trees located on his property."); *Wilen v. Falkenstein*, 191 S.W.3d 791, 799 (Tex. App.—Fort Worth April 6, 2006, pet. denied) (quoting *Porras* and holding that evidence of trees' aesthetic value supported intrinsic-value damages); *Garey Constr. Co., Inc. v. Thompson*, 697 S.W.2d 865, 867 (Tex. App.—Austin 1985, no writ) ("Appellee . . . proffered evidence of the intrinsic

33

value of the damaged property. . . . Appellee described in detail . . . the crushed shrubberies and tree and the ornamental or aesthetic purpose they formerly served."); *Lucas v. Morrison*, 286 S.W.2d 190, 191 (Tex. Civ. App.—San Antonio 1956, no writ) (owner's testimony that destroyed tree had been used to provide shade to his milk cows supported award of intrinsic-value damages); *Shell Pipe Line Corp. v. Svrcek*, 37 S.W.2d 297, 299 (Tex. Civ. App.—Austin 1931, no writ) (defining "intrinsic value" as "the value of the trees for the use intended for them by appellee."); *Stephenville, N. & S. Texas Ry. v. Baker*, 203 S.W. 385, 386 (Tex. Civ. App.—Austin 1918, no writ) (evidence of how the plaintiff used the trees was admissible to prove the "sum of money necessary to compensate the plaintiff for being deprived of them for the uses intended"). Accordingly, the supreme court didn't change the law, and Enbridge is not entitled to a new trial in the interest of justice.

## CONCLUSION AND PRAYER

The matters that are properly before this Court (i.e., the Issues presented in Enbridge's Appellant's Brief that are within the scope of the supreme court's mandate) present no basis for reversing the trial court's judgment. Accordingly, the Wheelers respectfully pray that this Court overrule Enbridge's remaining issues and, in conformity with the supreme court's opinion, remand this case to the

34

trial court with instructions to enter a judgment awarding the Wheelers $288,000

in actual damages, plus pre- and post-judgment interest and taxable costs.  The

Wheelers alternatively pray for any other relief to which they are entitled.

Respectfully submitted,


Don Wheeler
State Bar No: 21256200
**LAW OFFICE OF DON WHEELER**
101 Tenaha Street
Center, Texas  75935
Telephone No.:  (936) 598-2925
Facsimile No.:  (936) 598-7024
**velawson@sbcglobal.net**


J. Mark Mann
State Bar No. 12926150
**THE MANN FIRM**
300 West Main Street
Henderson, Texas 75652
Telephone No.:  (903) 657-8540
Facsimile No.:  (903) 657-6003
**mark@themannfirm.com**


**LAW OFFICE OF DARRIN WALKER**
6134 Riverchase Glen Dr.
Kingwood, Texas 77345
(281) 358-2295 (telephone)
(281) 358-5602 (facsimile)
**darrinwalker@suddenlink.net**

By:   /s/ Darrin Walker
Darrin Walker
State Bar No.: 00788600

*Attorneys for Appellee*
*Gilbert Wheeler, Inc.*


## CERTIFICATE OF COMPLIANCE

This supplemental brief contains 7,712 words, excluding the parts of the brief exempted by TEX. R. APP. P. 9.4(i)(1).  The Texas Rule of Appellate Procedure do not impose any word limit on supplemental briefs, other than the provision in Texas Rule of Appellate Procedure 9.4(i)(2)(b) that the aggregate of all briefs filed by a party must not exceed 27,000 words.  Appellee's Brief, which was filed before the amendments to Texas Rule of Appellate Procedure 9.4, was 50 pages long and contained 16,734 words. Accordingly, the aggregate of all briefs filed by Appellee in this Court complied with Texas Rule of Civil Procedure 9.4(i)(2)(b).

/s/ Darrin Walker
Darrin Walker

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing supplemental brief has been provided to counsel listed below in the manner indicated on this the 27th day of March 2014.

Julie Wright                                  via electronic service
Flowers Davis, PLLC
1021 ESE South Loop 323
Suite 200
Tyler, TX 75701

_/s/ Darrin Walker_
Darrin Walker
